KINCAID & FORBES vs. MITCHELL.

| 6 | 223 |
| 53a | 120 |

Under the provisions of the 1st sect. of the act of Jan'y 28th 1839 (Laws of Mo. session 1838-9.) relating to *forcible entry and detainer*, the proceedings may be removed to the circuit court by certiorari, at any time before the day appointed by the justice for the hearing of the cause, whether that day be the one named in the summons, or a day to which the trial is adjourned.

Appeal from the circuit court of Platte county.

*Opinion of the Court delivered by McGirk Judge.*

This was an action of forcible entry and detainer brought before a justice of the peace for Platte county. On the day appointed by the justice, in the summons, for the trial of the cause, the parties appeared, and a jury was sworn, who heard the evidence but could not agree in their verdict.— Therefore the justice discharged the jury and appointed a subsequent day for the trial, and adjourned the cause over to that day. About five days before the arrival of that day, the plaintiff removed the cause to the circuit court by a writ of certiorari; when the cause came to the circuit court, the defendant moved the court to dismiss the cause for the reason, that the certiorari would not lie in such a case, and could only lie, where it is presented to the justice before the day set by the justice in the summons for trial; and that the certiorari came too late in this case, although, it was presented to the justice before the day of trial as fixed by the adjournment.

The circuit court sustained this motion and dismissed the cause, and adjudged costs against the plaintiff.

Kincaid and
Forbes.
vs.
Mitchell.

To reverse this decision the cause is brought to this court. The only error relied on is embraced in the correctness of the dismissal.

The question presented for the consideration of this court is a narrow one, and grows out of the construction to be given to an amendatory act of the General Assembly of this State, passed the 28th January 1839, entitled, "an act to amend an act concerning forcible entry and detainer," see page 45 of acts of the session, 1838–9.

The 1st section of the act declares, that the proceedings under the act to which this act is an amendment, may be removed to the circuit court of the county by certiorari to be issued by the clerk, and served on the justice at any time before the day of trial, subject to the restrictions and limitations hereafter provided. In this case the writ was issued and served on the justice before the day set for trial by the justice's adjournment, but after the day named in the justice's summons, as the day of trial.

Mr. Adams, of counsel for the appellee, Mitchell, insists that the day named in the justices writ, or summons, is the day of trial before which the certiorari must be served on the justice, and that the day appointed by the adjournment is not the day of trial meant by the statute. I think this interpretation of the statute is wrong. It seems to me, that the spirit and intention of the act is that, if at any time before the day arrived, which may be appointed by the justice for hearing the cause, the certiorari is served on him it is in time. The object of the act was to enable the parties to remove their case to a tribunal where more learning in Law matters could be brought in requisition than is usually found before justices of the peace, and the amendment was intended to enable them to do so. But that this should be done in due time before the parties and their witnesses should convene themselves before the justice for the trial. It seems to me nothing is gained by a different construction of the statute; and by requiring the thing to be done the day before, the justice and parties are relieved from further attention to the matter. The words of the statute are, "before the day of trial," is it true that there can be but one

Under the provisions of the 1st sect. of the act of Jan'y 28th 1839 (Laws of Mo. session 1838–9,) relating to *forcible entry and detainer* the proceedings may be removed to the circuit court by certiorari, at any time before the day appointed by the justice for the hearing of the cause, whether that day be the one named in the summons, or a day to

day of trial? It cannot be true, unless the justice is denied the power of adjourning the cause, and this is not attempted. ·

Kincaid and
Forbes
vs.
Mitchell.

which the tri-
al is adjourn-
ed.

The day named in the summons for the parties to appear before the justice cannot be the day of trial unless a trial takes place, yet the words "the day of trial," are used, nor can any adjourned day be the day of trial, unless a trial actually takes place. According then to the literal words of the statute, no certiorari could ever be taken, for when the cause is removed to the circuit court by such writ there never has been a day of trial at all. Hence, I am of opinion, that the law requires the party to remove his case before a trial is had at all; and to make the matter more convenient to the parties, witnesses, and justice, the party must act at least one day before the day arrives, when the cause is to be heard, tried and determined, no matter whether that day is fixed by the appointment in the justices summons, or by the justices adjournment of the cause. My opinion therefore is, the circuit court of Platte county erred in dismissing the cause, and that the judgment of that court is reversed, and the cause remanded, with directions to that court to reinstate the cause and proceed to trial.