JAMES R. HOLT, Respondent, *v.* W. J. SIMMONS ET AL., Appellants.

December 4, 1883.

1. BILLS OF EXCEPTIONS — AMENDMENTS — PRACTICE. — The original bill of exceptions can not be amended in the appellate court.

2. —— Orders of continuances of a motion for a new trial can be made a part of the record only by bill of exceptions.

3. —— CERTIORARI. — An application for *certiorari* to amend the record, which does not show that the omitted matter is a part of the record proper, or is called for in the bill of exceptions, will be denied.

APPLICATION for *certiorari*.

*Certiorari denied.*

DYER, LEE & ELLIS, for the appellants.

A. MOORE BERRY and CHARLES B. STARK, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The appellant suggests that the record of this cause is diminished, in that certain orders of continuance of his motion for a new trial, from the June to the October term and from the October to the December term, 1882, of the circuit court, were in fact made, and yet do not appear in the transcript. No sort of reference to such orders, or either of them, occurs in the bill of exceptions.

It is a well established rule, that the original bill of exceptions can not be amended by means of any proceeding in the appellate court. Its only authentication is the signature of the trial judge, and the clerk can add nothing to the bill which the judge has not thus approved. The paper is usually signed in skeleton, with appropriate calls for motions, instructions, or other matters of exception, which the clerk is authorized to copy in full under such calls. If he fails to insert such matter in the transcript, he may be directed by *certiorari* so to do, since that will be only fulfilling the direction of the judge, wherein the omission had disobeyed it. It is essential, therefore, to *certiorari* for the supplying of such omitted matter, that it shall have been called for or set out in the original bill of exceptions, and that this fact shall appear, in some form, from the clerk's transcript of that document.

As to matters which belong to the record proper, as distinguished from the bill of exceptions, the rule is different. Such matters are in the exclusive keeping of the clerk, and

he may lawfully supply any that have been omitted, when-
ever, by virtue of a *certiorari*, he may have access to the
record in the appellate court.

It follows, from what is so far shown, that if the omitted
matter in the present case is matter of exception only, and
is no part of the record proper — there being nothing here
to show that it was contained in, or referred to by, the
original bill of exceptions — the writ of *certiorari* must be
denied. But if the omitted matter pertains to the record
proper of the cause, the writ should be granted. Thus far
all the members of this court agree. There is a difference
of opinion, however, upon the question of classification. A
majority of the court hold that the orders of continuance
of the motion for a new trial, if such there were, were
matters of exception only, and constituted no part of the
record proper. From this proposition Judge THOMPSON
dissents.

In *Bateson* v. *Clark* (37 Mo. 34), our supreme court
says: "The record proper, by law, is the petition, sum-
mons, and all subsequent pleadings, including the verdict
and judgment. * * * Exception is matter which arises
wholly from *the action of the court* in the progress of the
trial, as the admission or rejection of evidence, the sus-
taining or overruling of some motion, the giving or refusing
of instructions, etc. This is strictly no part of the record,
unless made so by the bill of exceptions," etc. It would
seem that the continuing of a motion for new trial is quite
as much a part of "the action of the court in the progress
of the trial," as the sustaining or overruling of the same
motion would be. The supreme court has, many times,
refused to notice a motion for new trial, or in arrest,
although set out in full by the clerk in his general record,
or memoranda, because it was not incorporated in the bill
of exceptions. *Marquis* v. *Clark*, 64 Mo. 601; *Stevenson*
v. *Saline County*, 65 Mo. 425; *Collins* v. *Barding*, 65 Mo.
496; *Jefferson City* v. *Opel*, 67 Mo. 394; *Robinson* v.

*Hood,* 67 Mo. 660; *Corby* v. *Tracy,* 62 Mo. 511. It is hardly possible to notice the continuance of a motion without noticing the motion itself. If our appellate practice excludes such notice in one case, it must do so equally in the other. We find nothing in the rulings of the supreme court to justify the position that entries upon the minutes or record of proceedings, because signed by the judge belong, therefore, to the record proper. On the contrary, transcripts of such entries, relating to motions, have been uniformly held to be mere clerical memoranda, and no part of the record proper. "A clerk can not make anything a record which he pleases to write in the order book or sees fit to copy into the record." *Jefferson City* v. *Opel,* 67 Mo. 394.

It appearing, for the reasons stated, that the clerk can not better the record in the appellant's interest, whatever might be his return upon a *certiorari,* the writ is denied. Judge BAKEWELL concurs ; Judge THOMPSON dissents.

Dissenting opinion by THOMPSON, J.

I feel obliged to dissent from the opinion of the court which has just been rendered denying the motion for a *certiorari.* My view of the distinction between matter of record and matter of exception is this, whatever rule, order, or judgment in a proceeding emanates from the breast of the judge and is entered on the minutes of the court, and signed by the judge on the following day, is matter of record. The rulings which the judge makes during the progress of the trial, which do not go upon the minutes, and are not authenticated by the signature of the judge upon the minutes of the court, are matters of exception. The only person who can certify the rulings of the court made in the progress of the cause, so they can be noticed in an appellate court, is the judge himself. It therefore follows that matters of exception must be certified by him in a bill of exceptions, for the reason that such matters are not already

certified by him on his minutes. But matters which are certified by him on his minutes need not be again certified by him in a bill of exceptions, because this would be a work of supererogation. The orders of continuance, which we are asked to bring up by our *certiorari* in this case, are shown to be orders made and entered on the minutes of the court; and if they are so brought up, we shall know by the certificate of the clerk, that they were in fact made by the judge and entered upon the minutes of the court; and we shall know it upon the same evidence and upon no other evidence than that from which we know that the judgment contained in the transcript was, in fact, rendered. They will be certified to us in precisely the same way in which the judgment is certified to us. Now, before I agree that we are to shut our eyes and stop our ears to the very truth of the case, and to say that this appellant shall not have the benefit of his bill of exceptions, I want to know that there is some distinct and overruling authority which requires me to so hold. No such authority has been cited in the opinion of the court. The well known rule stated by the court that *motions* are no part of the record, unless made so by the bill of exceptions, is no authority for the decision of the court; because motions do not emanate from the judge, but from the parties. The judge does not put them on the minutes of the court, but the clerk puts them there. If they go on the record they go there as the act of the clerk, and not as the act of the court, and this is the reason, and the only reason, as I read the decisions of the supreme court, why that court holds that they are not matters of record unless made so by the bill of exceptions. Our supreme court, in *Bateson* v. *Clark* (37 Mo. 34), and in other like cases, in defining what is the record proper, has, of course, spoken with reference to the question before it. It has never held, so far as I can ascertain, that an order of continuance emanating from the breast of the judge, put upon his minutes by his clerk, and there authenticated by

his signature, may not be deemed a part of the record proper in the, cause, when necessary to save the substantial rights of a party. In *Nelson* v. *Withrow* (*ante*, p. 270), the motion for new trial had been overruled at the second term after it was entered. One order continuing such motion was shown, not by the bill of exceptions, but by the clerk's transcript of minute entries, and no second order of continuance, such as was formally necessary to carry the motion over to the term at which it was decided, was shown in any way. We looked to the minute entries as evidence that the first order of continuance had been made, and presumed the second order. What we now hold is certainly inconsistent with what we then held; for, if we can not bring up the orders of continuance in this case, because they are no part of the record, we improperly considered the order of continuance in that case for the same reason.

I entertain great respect for the opinion of my brethren, especially upon matters of practice; but I can not forbear saying that I do think that the rule which the court now lays down is entirely opposed to the spirit of our practice act, and to the spirit of our statutes of jeofails; that it is not founded in controlling authority, that it has no reason to support it, and that it works a denial of substantial justice. Instead of adopting such refinements of practice, I think it the policy of courts of justice to enlarge remedies, where possible, so that causes may be tried and heard on their merits, and not to make rules which serve no better purpose than to discipline unskilful practitioners at the expense of their clients.