Hohstadt v. Daggs.

G. A. HOHSTADT, Assignee of WILLIAM BILLUPS, Respondent, v. ROBERT E. DAGGS, Appellant.

St. Louis Court of Appeals, April 5, 1892.

Practice, Appellate: REQUISITES OF ABSTRACT. In order that an appellant, who has filed an abstract of the record in lieu of a transcript, should be in a position to complain of matters of exception as distinguished from matter appearing from the record proper, his abstract must affirmatively show that an exception was taken and duly preserved to the ruling complained of. It must, therefore, show affirmatively that the bill of exceptions was properly filed, and should also contain the motion for new trial or in arrest of judgment, the date of the filing of the same, and the action of the court thereon.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

MOTION TO DISMISS APPEAL OVERRULED.

*Robert E. Daggs,* for appellant.

*J. D. Smoot* and *N. M. Pettingill,* for respondent.

BIGGS, J.—Section 2253, Revised Statutes, 1889, provides that the appellant or plaintiff in error may, in lieu of a transcript, file in the appellate court a copy

of the judgment and the order granting the appeal, accompanied by an abstract of the record. That portion of the section authorizing this reads: ''Or, in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, and shall, thereafter, within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file *printed abstracts of the entire record of said cause* in the office of the clerk of such appellate court,'' etc.

The respondent in the case before us has filed a motion to dismiss the appeal for failure to comply with this section, in that the appellant has failed to file such printed abstracts as the law contemplates. The specific objection is that it is not shown that a bill of exception was filed, or that there *was* a bill of exceptions in the cause. Under the assignment presented in the appellant's brief, which pertains to matters of exception only, the omission is a fatal one. The abstract in such a case should not only contain the record evidence of the filing of the bill, but if the bill be filed out of term, it should also contain a copy of the order of court granting leave to file it in vacation. But, in view of the fact that the statute creates a new mode of practice, and it has never, so far as we are advised, received a judicial construction, we are not disposed to inflict on the appellant so severe a penalty as the dismissal of his appeal. We will overrule the motion to dismiss, but will require the appellant to file, at his own cost, additional abstracts within ten days from this date.

We think it proper in this opinion to indicate briefly, and in a general way, what in our opinion such abstracts should contain. If the questions relied on for

reversal are matters of error, as contradistinguished from matters of exception, then the appellant need only print the record proper, or so much as may be necessary to a complete understanding of the questions presented for judicial determination. If the assignments pertain to matters of exception also, or to matter of exception only, then the abstract must show affirmatively that the bill of exceptions was properly filed. It should also contain the motion for a new trial or in arrest of judgment, the date of the filing and the action of the court thereon. These are jurisdictional matters and determine the right of the appellate court to pass on matters of exception merely, which can only be brought to the attention of such court by being incorporated in a bill of exceptions which has been properly signed and filed. There may also be matters of special exception which require the observance of certain formalities in order to justify an appellate court to review them. For instance the appellant may complain, as the appellant does in the present case, of improper conduct or remarks in argument of the opposite counsel. To entitle a party to a review of the court's action in the premises, the bill of exceptions must show that the conduct of the opposing attorney was objected to at the time, what was said or done both by court and counsel, and that the appellant excepted to the court's action and preserved the exception in the motion for a new trial. An abstract should show these facts. In no other way can an appellate court be advised of its right to review such a question. All the judges concur.