GEORGE W. MASON, Respondent, v. JOHN W. PENNINGTON, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Practice, Appellate**: PROCEDURE BY CERTIFICATE AND ABSTRACT: REQUISITES OF ABSTRACT. When an appellant files an abstract of the record in lieu of a full transcript, as allowed by section 2253 of the Revised Statutes, his abstract must, in order to entitle him to the review of matters of exception, affirmatively show that his bill of exceptions was duly filed; and, therefore, when the bill of exceptions was filed in vacation, the abstract must show the allowance of a sufficient extension of the time for the filing thereof.

2. **Forcible Entry**: CERTIORARI. An action of forcible entry and detainer may be removed by *certiorari* to the proper circuit court, notwithstanding that there have been several mistrials before the justice of the peace before whom it is pending.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS. H. BACON, Judge.

AFFIRMED.

*J. H. Whitecotton, Rodes & Rodes* and *R. B. Bristow*, for appellant.

*R. N. Bodine*, for respondent.

BOND, J.—The appeal in this case was taken under section 2253 of the Revised Statutes of 1889, by filing a certified copy of the judgment entry, etc., and thereafter filing a printed abstract of the entire record in the office of the clerk of this court. The respondent insists in his brief that the bill of exceptions is not before us for review. *First.* Because the abstract on file does not show that the bill of exceptions contained therein was ever filed by the clerk of the trial court. *Second.* Because the bill of exceptions, as set forth in the abstract, shows that it was not signed until after

the court had adjourned, and that the abstract does not show leave or agreement for its filing.

An examination of the certificate of judgment, etc., and the abstract filed by appellant, discloses only the following facts: The judgment was rendered on November 6, 1891, of the October term of the circuit court of Monroe county. On the next day an appeal was taken to this court with leave to appellant "to file bill of exceptions on or before February 1, 1892, and he was ordered to present same to adverse counsel on or before January 20, 1892, and to the court on or before January 25, 1892." At the end of the abstract on file is the following statement:

"This bill, presented February 29, 1892, at 7:30 P. M., is now duly signed, sealed and made part of the record.

"THOS. H. BACON. [Seal]"

It is evident from these recitals that the bill of exceptions in this cause must be disregarded, as it was not signed nor filed within the time prescribed by the order made during the term of the court at which the appeal was taken, and as there was no extension of said order in vacation, and no agreement had for such extension, as prescribed by section 2168 of the Revised Statutes, 1889. *Webster Co. v. Cunningham*, 101 Mo. 642; *Hohstadt v. Daggs*, 50 Mo. App. 255. In the last case cited this court has defined the proper practice in appeals under section 2253 of the Revised Statutes, 1889, where the method of certificate and abstract is taken in lieu of a perfect transcript. In such instances, to bring up for review matters of exception, "the abstract must show affirmatively that the bill of exceptions was properly filed," etc.

Although we are compelled to ignore the abstract so far as matters of exception are concerned therein,

for the reasons above given, we are still at liberty to review the record proper.

. This was an action of forcible entry and detainer, and the only question which could arise upon the record proper in this case is, whether or not the circuit court acquired jurisdiction of the case upon the filing, after several mistrials before the justice, of plaintiff's petition for a writ of *certiorari*. Appellant insists that it had no jurisdiction. This point has been directly passed upon by the supreme court (*Kincaid & Forbes v. Mitchell*, 6 Mo. 223), where it was held that the action of the circuit court in sustaining a motion to dismiss on a similar ground was error. The judgment herein is affirmed. All the judges concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The motion proceeds on the mistaken view that the clerk's certificate under section 2253, and the abstract of the record filed by appellant, when taken together sufficiently show that the bill of exceptions was filed in time. The clerk's certificate is strictly in conformity with the provisions of section 2253, and shows nothing except what that section requires it to show, namely, that a judgment was rendered in the cause, and an appeal taken therein on certain days stated. The abstract is entirely *silent* as to the last extension of time for filing a bill of exceptions, and fails to show anywhere that a bill of exceptions was properly filed, much less that it was filed in proper time.

Where, under the provisions of section 2253, the appellant files an abstract, such abstract must show all the facts essential to give this court a right of review of exceptions taken in the trial court either by setting out a copy of the record entries, or stating them in

narrative form.   Where a bill of exceptions is filed in vacation, the abstract must show that it was properly filed and in due time, otherwise we have no power to treat it as a bill of exceptions.   The abstract in this case fails to show either fact.

Accompanying the motion for rehearing is the certificate of the clerk tending to show that there was a further extension of time to file a bill of exceptions. It will suffice to say on that head that motions for rehearing address themselves to the record before the court when the cause was decided, and not to a new record made for the purposes of the motion.

All the judges concurring, the motion for rehearing is overruled.