STATE OF MISSOURI *ex rel.* MARTIN BURGER, Appellant, v. CHARLES W. SMITH *et al.*, Respondents.

St. Louis Court of Appeals, March 5, 1894.

1. **Administration**: OBLIGATION OF BOND OF SURVIVING PARTNER. The bond of a surviving partner administering upon the partnership estate was executed under and in accordance with the Revised Statutes of 1879, and provided, among other conditions, that the administrator should use due diligence and fidelity in closing the affairs of the partnership, and apply the property of the partnership to the payment of its debts. It was executed after the enactment of the law of 1883, requiring the *pro rata* payment of those debts. *Held*, that its conditions were governed by that act, and that the violation of that act therefore constituted a breach of them.

2. ———: ———. *Held, arguendo*, that the official bond of a person covers not merely duties imposed by existing law, but also duties belonging to and naturally connected with his office or business which are imposed by subsequent law.

*Appeal from the Newton Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

*John T. Sturgis* and *M. E. Benton* for appellant.

*George Hubbert* for respondents.

BOND, J.—Plaintiff sues on the administration bond, given by defendants as surviving partners of the

Burger Grocer Company, to recover the amount of his probated claim against said partnership estate ($685.19).

The petition alleged that defendants, Charles W. Smith and Wm. Schirk, Jr., were the surviving partners of the late firm of Chas. W. Smith, Wm. Schirk, Jr., and Christian Burger (deceased), under the partnership name of the Burger Grocer Company; that such surviving partners were duly appointed administrators, after the death of their copartner, of said Burger Grocer Company, and as such, together with the other defendants, executed a bond for the faithful administration of said partnership estate in words and figures, to wit:

"That, if C. W. Smith and Wm. Schirk, surviving partners of the late firm of C. W. Smith, Christian Burger and Wm. Schirk, doing business under the firm name of the Burger Grocer Company, shall use due diligence and fidelity in closing the affairs of the late copartnership, apply the property thereof toward the payment of the partnership debts, render an account annually upon oath to the probate court of Newton county, whenever by it thereto required, of all the partnership affairs, including the property owned by the late firm and the debts due thereto, as well as what may have been paid by the survivors toward the partnership debts and what may still be due and owing therefor, and pay over within two years, unless a longer time be allowed by the said probate court to the executor or administrator of the said Christian Burger, the excess, if any there be, beyond satisfying the partnership debts and costs and expenses in closing the affairs of the partnership, then the above bond to be void; otherwise to remain in full force and effect."

That thereafter said surviving partners entered upon the administration of the effects and estate of

said Burger Grocer Co., and, while so engaged, committed breach of their said administration bond in this, that they neglected and refused to pay plaintiff's claim, allowed in his favor by the probate court of Newton county against the estate of the said Burger Grocer Co., although the administrators had ample assets in their possession wherewith to pay a portion or all of said demand; and that said administrators committed a further breach of the bond in suit by not using due diligence and fidelity in closing the affairs of the Burger Grocer Co., and in not rendering accounts annually, upon oath, to the probate court of Newton county as required by law, and in not having paid out $2,206.15 of the partnership assets according to law.

The answer of defendants admitted the execution of the bond sued on, and averred that said administrators used due diligence and fidelity in closing the affairs of the said late copartnership, and applied the property thereof toward the payment of debts so far as it was possible for them to collect the assets of said partnership and to reduce them to cash by lawful sale; that, although the nominal amount of the assets in their hands as administrators was $5,263.01, yet a large part thereof consisted of insolvent accounts, and a large portion of the goods and chattels embraced in said assets were necessarily sold below their appraised value, thus reducing the available assets in their hands to the sum of $2,833.08; that said copartnership was largely indebted to sundry persons and on divers accounts, and that they applied $2,691.45 in payment of said indebtedness and the expenses lawfully incurred in collecting the assets, and were accordingly credited in their settlements of accounts as surviving partners by the probate court; that they still hold in their hands as surviving partners accounts in favor of said firm amounting to $1,227.21, which they have been unable

to collect, on which account no final settlement of said copartnership has been made; that the payments made upon the debts of said copartnership by the said surviving partners were so made in the full belief at the time that the assets would be sufficient to pay and satisfy all demands against the estate; that a large portion of the claims so paid were not presented to or allowed by the probate court, because well known to the surviving partners to be just and due; that of those, which were presented and allowed, all have been paid, except the account due plaintiff and one other demand due the Kansas City, Fort Smith and Southern Railway Company for $100.15; that all of the demands existing against said copartnership have been paid and satisfied by the said survivors out of said assets, except those of the relator, the Kansas City, Fort Smith & Southern Railway Company, G. D. Milligan & Son, and D. Landreth & Son, whereby all cash assets were fully exhausted; that the said allowance of the relator's demand by the said probate court was without the knowledge or consent of the sureties on said bond and without jurisdiction to so do, contrary to the law, and can in no wise be binding upon the obligors in the said bond, all of the conditions of which have been fully met, forasmuch as the said principals have applied all money and assets of said copartnership to the payment of its debts, except uncollected accounts, all of which defendants Smith and Schirk only bring into court here and tender for application upon plaintiff's demands under the orders and control of this court; wherefore defendants pray judgment for their costs, and that they go hence without day.

The replication contained a denial of the new matter set up in the answer.

The case was tried by the court sitting as a jury. The evidence tended to show that defendants Chas. W.

Smith and Wm. Schirk, surviving partners, were duly appointed administrators of the assets of the Burger Grocer Co. on the eleventh day of March, 1889, on which day they, as such administrators, executed the bond in suit; that, on the sixteenth day of March, they filed an inventory of the partnership estate, showing a general stock of groceries, supplies for meat market, fixtures for store rooms, a delivery wagon, etc., and also a list of open accounts due said partnership, amounting to $1,755.71.

The evidence tended to show that, in pursuance of an order of sale, said administrators sold the goods and personal effects, constituting the stock of groceries and effects belonging to said estate, for the sum of $2,206.15, and that, on the twentieth of October, 1889, the record of the probate court of Newton county showed the presentation and allowance of plaintiff's claim sued for; that no final settlement of the copartnership of said estate had been made.

The evidence also tended to show that said administrators have paid out all the assets received by them in administering the estate, except insolvent accounts, amounting to about $1,200; that the cash used by said administrators in payment of the debts of said partnership has been applied to the payment in full of a large number of the claims against said estate, and the payment of thirty per cent. on the dollar on certain claims which had been allowed by the probate court; that they have, however, paid no part of the allowed demand of plaintiff; that the demands against said partnership, which were paid by said administrators in full, were not paid by order of the probate court, nor were they allowed demands, and were paid without knowledge on the part of said administrators that there was a sufficiency of assets to pay all the claims against said estate.

At the instance of defendants the court gave the

following declaration of law:

"2. The fact that the surviving partners preferred and paid in full any debt or debts of the partnership existing at the time of the decease of Christian Burger, can not be regarded as a breach of any condition of the bond sued on, notwithstanding the fact that such preference and payment may have exhausted the cash assets of said partnership, and left no money to be prorated to the relator upon his demand against the partnership."

And the court refused, among others, the following declarations of law requested by plaintiff:

"2. The conditions of the bond in question are sufficient to entitle the plaintiff to recover damages against the securities on said bond, provided the surviving partners have wrongfully and unlawfully refused and neglected to pay plaintiff's claim and any part of it.

"3. The plaintiff in this case is not precluded from recovering damages against the securities on the bond sued on for the wrongful and unlawful refusal of the surviving partners to pay plaintiff's claim, or any part of it, by reason of the fact that said bond does not contain certain conditions found in the form of such bond prescribed in Revised Statutes of 1889, section 59.

"4. Under the undisputed evidence in this cause plaintiff is entitled to recover nominal damages against the securities on the bond for failure and refusal of the surviving partners to make a settlement of the affairs of said estate, when lawfully required by the probate court to so do.

"5. If the assets of the Burger Grocer Co. were not sufficient to pay all the partnership debts in full, then it was the duty of the surviving partners to pay said debts *pro rata;* and if, after the neglect and refusal of said partners to pay this plaintiff's claim in full or

in part, plaintiff exhibited the same to the probate court, and the said claim was duly allowed by said court, and then said surviving partners still refused and neglected to pay said claim *pro rata*, the plaintiff is entitled to recover as damages against the principals and securities on the bond in question his *pro rata* share of the assets of said estate."

Thereupon the court rendered judgment in favor of the defendants, from which the plaintiff has appealed to this court, and assigns for error, *first*, the ruling of the court, that plaintiff's could not recover any damage on account of the insufficiency of the conditions of the bond in suit; *second*, error in giving and refusing instructions.

The objection of the respondents to the abstract is untenable. It recites the facts essential to the taking of the appeal and the filing of the bill of exceptions, and was not objected to. *Mason v. Penn*, 53 Mo. App. 118; R. S. 1889, sec. 2253.

The decision of this case turns upon a construction of the scope of the bond executed by the surviving partners. That bond is in exact accordance with the one set forth in section 60, Revised Statutes, 1879. It differs from the one prescribed in section 59, Revised Statutes, 1889, in not containing the additional clauses inserted in the latter bond, to wit: Apply the property thereof, *"in payment of legal allowances    *    *    *    and in general to do and perform all other acts and things which are or may be required of him by law."* The bond in suit, however, was executed on March 11, 1889, *prior* to the enactment of the statute requiring a bond with the additional clauses *supra.*

Before the date of the execution of the bond sued upon the law upon the subject of the payment of partnership debts by surviving partners in administering the estate was changed, so that it was no longer lawful

to pay such debts before allowance thereof by the court, unless it was known to the surviving partners that the assets of the partnership were sufficient to pay all partnership debts.   Acts, 1883, p. 22; R. S. 1889, sec. 64.

In the case at bar it is conceded that the surviving partners paid many of the partnership debts in full without allowance thereof by the probate court, and without knowledge on their part of the sufficiency of the partnership assets to pay its debts.   That this was a breach of duty on the part of the administering partners, is not denied.   The only claim made is that it was not a breach of the terms of the bond sued on, and therefore affords no right of action against the sureties on the bond.

The purpose of the act of 1883 (R. S. 1889, sec. 64), was not to enlarge, but to restrict, the power of the surviving partners in payment of the partnership debts. This regulation was definitive of their duties, to the extent of its terms, indisposing of the assets of the partnership.

The first clause of the bond in suit is that the surviving partners *"shall use due diligence and fidelity in closing the affairs of the copartnership."* This clause comprehends, and is adapted to secure, the duties imposed by law upon surviving partners in administering the assets of a copartnership. It can not, therefore, be held to exclude the performance of the duties required at the time of the execution of the instrument, without narrowing the meaning of the plain terms employed, as well as violating the canon of construction that contracts are presumed to be made (in absence of evidence of a contrary intent) in pursuance of existing statutes governing the rights and duties of the parties thereto.   This we are not warranted in doing.   We, therefore, hold the clause in question sufficient to embrace responsibility for misfeasance of administration

under the law then in force.

Again, the second condition in the bond sued on is, to wit: "To apply the property thereof toward the payment of the partnership debts." This clause, in so many words, obligates the makers of the bond to guarantee the application of the partnership property to the payment of the partnership debts. There is, therefore, no possible room for construction as to its meaning, and the only contention of respondent is that the clause in question does not bind the bondsmen to guarantee the *method* of payment of partnership debts required by law when the bond was given, because the same clause, anterior to the act prescribing the present method of payment, involved a guaranty of a different *method* of payment of partnership debts.

This argument involves a *non sequiter*, for it does not follow because a given clause is sufficient to cover liability for full power of payment of partnership debts, that it is not therefore sufficient to embrace liability for a restricted power of payment of such claims. Whether or not it is sufficient to cover both cases depends on the terms used.

Again, that the clause was sufficient to guarantee full payment under the old law is not disputed, but the claim is that it is not sufficient to guarantee liability for *pro rata* payment under the law as existing at and before the making of the bond. This view, as we have seen, is opposed to the general rule subordinating bonds and contracts to existing statutes.

It is also illogical in concluding that not the fact of payment or nonpayment of partnership debts, but whether or not they are to be paid in full or *pro rata*, is of the essence of the obligation imposed by this clause. There are no restrictive terms in the bond limiting the liability of the sureties to the application by the administrators of the assets to the partnership debts

fully, rather than *pro rata*. The language of the condition under consideration is, "to apply the property thereof toward the payment of the partnership debts." This obligation is general with no suggestion as to specific method, and, according to the ordinary significance of plain terms, only obligates the application of partnership assets to firm debts with no qualification as to method or proportion.

As, therefore, neither the bond nor this condition limits the liability of the obligors to a particular or partial application of the assets; and as there was a statute then regulating the duty of the surviving partner in this respect, the conclusion is unavoidable that the statute in question is applicable to the general and unrestrained terms of the condition. This conclusion is also in accordance with the evident intent of the legislature, since it appears that the law requiring *pro rata* payment instead of full payment of partnership debts, in the contingencies therein expressed, was passed in 1883; and no other or different clauses were prescribed for administration bonds of surviving partners until the revision of 1889 went into effect. Unless, therefore, the legislature deemed the *general* conditions of the bond then required by statute ample security for the restricted duty cast upon surviving partners by the act of 1883, it would have required a new and different bond at the time of the act in question. This, however, was not done.

Our conclusion as to the extent of the conditions in the bond in suit is supported by the general rule as to the scope of the conditions of official bonds, announced by the supreme court of the United States, viz: "The official bond of parties undoubtedly covers not merely duties imposed by existing law, but duties belonging to, and naturally connected with, their office or business imposed by subsequent law." *United States v. Singer*,

82 U. S. 122; *Territory v. Carson*, 7 Montana, 426; *Macready v. Schenck*, 41 La. Ann. 456.

This rule, which we think is the correct one, applies with greater force when (as in the present case) the statute governing the bond was enacted *anterior* to its execution. In such cases, if the conditions of the bond fairly embrace the regulations of the statute, the latter is as much a part of the obligation of the former as if it had been written therein. The declaration of law given by the circuit judge was contrary to these views, and therefore erroneous. There was error also in the refusal of the requests, *supra*, of appellant. They stated correct principles of law, and were applicable to the facts in this record.

The result is that the judgment herein is reversed and the cause remanded. All concur.