Hanauer v. Bradley and Metcalf Co.

| 64 | 661 |
|----|-----|
| 71 | 274 |

LOUIS HANAUER, Respondent, v. BRADLEY AND METCALF COMPANY, Appellant.

St. Louis Court of Appeals, January 21, 1896.

Practice, Appellate: REQUISITES OF ABSTRACT. When an appeal is taken by the filing of a certified copy of the order allowing it and of the entry of judgment in the trial court, it is essential to the review of matter of exception that the abstract of the appellant should set forth his motion for new trial, and show that it was filled in due time, that it was overruled, and that an exception was taken thereto.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fagg, Ball & Hicks* for appellant.

*Major & Motley* and *David Goldsmith* for respondent.

BIGGS, J.—This appeal is here on a certificate of the judgment and order granting the appeal, instead of a full transcript. In such cases the statute requires the appellant to file printed abstracts of the entire record. Revised Statutes, 1889, section 2253. In the case of *Hohstadt v. Daggs*, 49 Mo. App. 157, and in the subsequent case of *Mason v. Pennington*, 53 Mo. App. 118, we decided that, where the questions complained of were matters of error only, the entire record proper should be printed, or so much thereof as might be necessary to fairly present the point in controversy; but, if the assignment pertained to matters of exception also, or to such matters only, then the abstracts must show that the bill of exceptions was

properly filed, and the motion for new trial should be set forth, the date of its filing stated or that it was filed in due time, that it was overruled by the court, and that the appellant excepted thereto.

In the present case the abstracts are defective both as to form and substance. The point is made that there was a blending of causes of action, which should have been separately stated. The complaint is not set forth, and the abstracts fail to show that the objection now urged was made in the court below. Another alleged error pertains to the admission of evidence. The abstracts do not show that the appellant excepted to its admission. Neither do they set forth the motion for a new trial, nor when it was filed, nor that the appellant excepted to the action of the court in overruling it. The bare statement is made that, "after an unsuccessful motion for a new trial," an appeal was taken. It is impossible for us to review the case, and we will, therefore, affirm the judgment. All the judges concur.