FRED A. WEST, Respondent, v. JAMES T. BURNEY, Appellant.

Kansas City Court of Appeals, May 17, 1897.

1. **Appellate and Trial Practice**: BILL OF EXCEPTIONS: AMENDMENT. A bill of exceptions duly signed and filed becomes a part of the record and is subject to amendment as other parts of the record, but such amendment must be made by order of the trial court and the appellate court can only gain jurisdiction thereof on appeal.

2. **Appellate Practice**: MOTIONS FOR NEW TRIAL AND IN ARREST: EXCEPTIONS. Where no exceptions are saved to the overruling of motions for a new trial and in arrest, the appellate court is confined in its review to the record proper and will affirm the judgment unless error is found in such record.

*Appeal from the Cass Circuit Court.—HON. W. W. WOOD, Judge.*

AFFIRMED.

*A. L. Burney* for appellant.

(1) The note was not delivered as the law requires in a gift *causa mortis*. 3 Pom. Eq. Jur., p. 1149, note 1; *Tomlinson v. Ellison*, 104 Mo. 105; *Gartside v. Pahlman*, 45 Mo. App. 164; *Huey v. Huey*, 65 Mo. 695; *Walter v. Ford*, 74 Mo. 198; *McCord v. McCord*, 77 Mo. 174; 1 Pars. on Con. 236. The testimony of J. F. Blair and A. F. Blair was incompetent. Underhill on Evidence, p. 55; *State v. McCoy*, 111 Mo. 526; *McDermott v. R. R.*, 73 Mo. 518; Greenleaf on Evidence [14 Ed.], p. 108. The testimony of respondent West is

incompetent for any purpose. R. S. 1889, sec. 8918; *Leeper v. Taylor*, 111 Mo. 323; *Scott v. Riley*, 49 Mo. App. 252; *Dunn v. Bank*, ·109 Mo. 101. Declarations of party in possession of note incompetent. *Dodge v. Freideman's S. & T. Co.*, 93 U. S. 379; Book ·23 [L. Ed.], p. 920. If it was intended to be a gift at all, it was intended to be a testamentary gift. 3 Pom. Eq. Jur., p. 1147; *Walter v. Ford*, 74 Mo. 198; *McCord v. McCord*, 77 Mo. 174; *Dunn v. Bank*, 109 Mo. 100; *Huey v. Huey*, 65 Mo. 695. A *donatio causa mortis* is always subject to the rights of donor's creditors. 3 Pom. Eq. Jur., p. 1151 (note); *Basket v. Hassell*, 107 U. S. 500; *Dunn v. Bank*, 109 Mo. 100. A *donatio causa mortis* may be revoked any time prior to donor's death. 2 Kent, p. 444; 1 Woerner, p. 126; 1 Pars. Con. [6 Ed.], p. 237; 3 Pom. Eq. Jur., p. 1150. Any act of a donor inconsistent with a gift, and indicating his purpose to resume possession, renders the gift defeasible. *Emery v. Clough*, 56 A. D. 543; *Marshall v. Berry*, 13 Allen, 43.

*Noah M. Givan* for respondent.

No exceptions were saved to the action of the trial court in overruling the motions for new trial and in arrest, and this leaves nothing for review except the record proper. *Danforth v. R'y*, 123 Mo. 196; *Zimmerman v. Dunning*, 66 Mo. App. 106; *State v. Marshall*, 36 Mo. 400; *State v. Frier*, 118 Mo. 651; *Hubbard v. Quisenberry*, 32 Mo. App. 459.

SMITH, P. J.—This is an action of replevin which was brought to recover the possession of a certain promissory note. The plaintiff had judgment in the court below and the defendant appealed.

There is a preliminary question to which we must first turn our attention. After the joinder in

West v. Burney.

STATEMENT. error and on the day the cause was docketed for hearing the defendant filed a motion to amend the transcript of the record by inserting in the bill of exceptions therein contained the words "said motions for new trial and in arrest were by the court overruled" "to which rulings of the court defendant duly excepted and saved his exceptions at the time." Filed with the motion were the affidavits of the judge, who signed the bill of exceptions, and the court stenographer and attorney for the defendant who stated that it was the practice of the court in which the cause was tried to pass upon motions of the kind last mentioned in the absence of the stenographer without specially mentioning at the time that the rulings so made are excepted to, it being understood by the judge in all cases that exceptions are taken and saved by the losing party to the action of the court on such motions whether mentioned at the time or not. It was further stated in the affidavit of the judge that it "was understood by him that exceptions were taken and saved to his action in overruling the defendant's said motions." In the affidavit of the defendant's attorney it is stated that the exceptions to the rulings of the court in said motions were duly taken but omitted from the bill of exceptions by accident and mistake. This motion was submitted along with the case on the merits.

It is quite well settled that a bill of exceptions when duly filed in a case becomes a part of the record and is consequently subject to the operation in appropriate cases of amendatory motions to the same extent and under the same restrictions as other portions of the record. *Darrier v. Darrier*, 58 Mo. 222; *DeKalb Co. v. Hixon*, 44 Mo. 342; *Pockman v. Meatt*, 49 Mo. 345; *Baker v. Railway*, 122 Mo. 533. But amend-

APPELLATE and trial practice: bill of exceptions: amendment.

ments and corrections must be made by order of the trial court. An application made elsewhere will be fruitless.

Appellate tribunals have jurisdiction to review a ruling sustaining or denying an application to amend or correct the record remaining in the inferior court, but the jurisdiction is appellate and can not be made original save by statute enacted under constitutional authority. As the jurisdiction is appellate it must be invoked in accordance with the rules of procedure, and hence the foundation must be laid in the trial court. Elliott's App. Proc., secs. 206, 225, and cases cited in note 2; 1 Tidd's Prac. 713, 714; *Holt v. Simmons*, 14 Mo. App. 450. And so it has been held in New York that the court of appeals has no power to allow a party to insert an exception in the case filed in the court below, although it appears by affidavits that the exception was taken at the trial. *Kenyon v. Railway*, 76 N. Y. 607; *People v. Romers*, 18 Cal. 92.

It is thus seen that if we pay due regard to the limitations on our power we must deny the defendant's motion.

II. It is conceded that the bill of exceptions does not show that any exceptions were taken and preserved to the action of the trial court in overruling either the motion for a new trial, or that in arrest of the judgment, so that our review must be restricted to the record proper. *Danforth v. Railway*, 123 Mo. 196; *Ryan v. Growney*, 125 Mo. 474; *State v. McDonald*, 85 Mo. 539; *State v. Gilmore*, 110 Mo. 1; *Hanauer v. Bradley, etc., Co.*, 64 Mo. App. 661; *Leeley v. Savings Ass'n*, 67 Mo. App. 554.

APPELLATE practice: motions for new trial and in arrest: exceptions.

No error appearing upon the face of the record proper it results that it remains only to affirm the judgment which is accordingly ordered. All concur.