STATE ex rel. BUBB, Appellant, v. SHACKLETT et al., Respondents.

St. Louis Court of Appeals, January 30, 1906.

1. EXECUTORS AND ADMINISTRATORS: Partnership: Paying Demands not Allowed. The statutes permit a surviving partner, administering upon a partnership estate, to pay off demands against the partnership without requiring the same to be allowed by the probate court. But this applies only when he knows the partnership assets will be sufficient to discharge all the debts; a payment of unallowed demands, where there is a deficiency of assets to meet all demands of creditors, is a breach of the bond.

2. ———: ———: ———: Action on Bond. Where unallowed demands against a partnership estate have been paid in full by the surviving partner administering said estate, but it appears there will remain sufficient assets to pay an allowed demand of a creditor, such creditor cannot, in an action on the surviving partner's bond, recover substantial damages.

3. ———: Final Settlement: Action on Bond: Res Judicata. On the trial of exceptions filed by an administrator de bonis non to the final settlement of his predecessor who had been remov-

ed, the administrator *de bonis non* represented the heirs and creditors of the estate, and the judgment upon such final settlement was conclusive upon a creditor holding an unpaid demand so that he could not afterwards maintain an action on the removed administrator's bond to determine matters adjudicated in that trial.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Smoot, Boyd & Smoot* and *Chas. Hiller* for appellant.

The special Statutes of Limitations must be pleaded. Wigens v. Lovering, 9 Mo. 262; Stiles v. Smith, 55 Mo. 363. And if he fails to avail himself of it, either by demurrer or answer, he will be held to have waived it. Boyce v. Christy, 47 Mo. 70. A claim allowed by the probate court, unappealed from, is conclusive and not subject to attack. Jamison v. Wickham, 67 Mo. 575. It possesses all the elements of a final and conclusive judgment. Bradford v. Woolf, 103 Mo. 391. The judgment of allowance in this cause cut off the plea of limitation and the matter became adjudicated. Munday v. Leeper, 120 Mo. 417. The claim having been allowed, and the surviving partner having all the claims against the estate in full, a cause of action accrued to relator on which she can maintain an action. Sec. 64, 1899; State ex rel. v. Smith, 57 Mo. App. 120. The cause of action having accrued to relator on the bond of the surviving partner, the accounting between the two administrators could not affect relator's cause of action. Estate of Glover, 127 Mo. 153.

*R. G. Blair* and *McKee & Jayne* for respondents.

The filing of the claim with the clerk of the probate court is not sufficient to take the case out of the bar of the Statutes of Limitation. It must be presented for al-

lowance and classification to the probate court in term time. Bank v. John Burgin, Admr., 73 Mo. App. 108. This case is exactly in point, as the same law that was in force then governs this case now. Dingle v. Pollick, 49 Mo. App. 479. The administrator *de bonis non* is a party to the settlement of the outgoing administrator and represents the creditors and others interested in the estate, and his settlement is final as to the account of the first administrator with the estate. State ex rel. v. Gray, 106 Mo. 526. Applying this case to the one at bar, Mr. Shacklett having settled with Silas Hunt, the administrator *de bonis non* of the estate of Hays & Shacklett, and his settlement having been approved and his bondsmen paying the balance found to be due from him to said estate, this is a finality and a bar to this suit. State ex rel. v. Carroll, 101 Mo. App. 110. There being no final settlement of this estate, but the same is still pending, this is a bar to this action. If appellant herein has an action, it is prematurely brought, as her action would be after the final settlement of said estate. State ex rel. v. Taylor, 100 Mo. App. 481.

GOODE, J.—This is an action on the bond of B. W. Shacklett, as surviving partner administering the estate of the firm of Hays & Shacklett. Said firm was organized March 2, 1892, to carry on a mercantile business in the town of Gorin in Scotland county. Hays died September 21, 1893, and Shacklett proceeded to wind up the firm's affairs. On September 27, 1893, he gave the statutory bond as surviving partner in the sum of $14,000. The present action is on that bond and the breach assigned is that Shacklett paid out of the assets of the estate claims amounting to $13,000, or more; thereby exhausting all the assets except about $800 without paying anything on relator's demand, which had been duly allowed by the probate court; that none of the demands paid by Shacklett had been allowed and the payments were all made without an order of the court. The demand

of the relator consisted of two promissory notes for $1,00 each; one dated March 2, 1892, due one day after date, payable to the order of Anna M. Hays and one dated January 21, 1893, and in other respects like the first one. Both instruments were signed "Hays & Shacklett," and on their face were firm obligations. The payee, Anna M. Hays, is a sister of James G. Hays, the deceased member of the firm of Hays & Shacklett. She subsequently married a man named Bubb, and hence, appears under the latter name in this action. It is conceded in the brief for the relator that Shacklett duly inventoried the assets of the firm and paid debts it owed in full "about up to the assets." It is conceded by the defendant that the debts thus paid had not been allowed by the probate court and were paid by the surviving partner on his own judgment. Several defenses were interposed. One was that the partnership estate is still unsettled and it is not shown that the remaining assets will be insufficient to discharge relator's demand. The second defense was that her demand was barred by the special limitation statute of one year when it was allowed; and as this allowance was made after Shacklett had ceased to be administrator, neither he nor the sureties on his bond are bound by it. For a third defense, the final judgment of Shacklett as administrator was pleaded in bar of this action on his bond. The fourth defense was that the debts paid by Shacklett, though not allowed by the probate court, were all secured by liens on the assets of the firm of Hays & Shacklett and, therefore, had to be discharged before unsecured creditors, including the relator, could be paid out of the assets. In reply to the defense that relator's demand was barred when allowed, it is contended that the allowance by a court of competent jurisdiction was an adjudication that the statute had not run against it, and the question was thereby conclusively settled against the defendants. The other defenses we have mentioned were put in issue by specific denials. At the conclusion of the testimony, the court

entered judgment in favor of the defendants, and the relator appealed.

Declarations of law were not requested by either party and, therefore, it devolves on this court to determine whether, from all the evidence adduced, judgment should have been entered in favor of the relator. The record is voluminous and much of the testimony seems to have little or no relevancy to the propositions we are called on to decide. Considerable proof was introduced going to show that, although Shacklett exhausted the assets of the estate which came into his hands, in paying debts which had never been probated, those debts were all secured by claims on property. Certainly a showing was made that debts amounting to more than $5,000 were paid to the Gorin Savings Bank out of accounts of the firm which it held as collateral security; that $1,500, or more, was paid to W. C. McReynolds out of the proceeds of property on which he had a lien; and from $1,000 to $1,600 under the same circumstances, to Huiskamp Brothers. There was evidence of other payments of secured debts; but on the whole record, we should say that Shacklett was shown to have paid some demands against the firm which enjoyed no priority over the demand of the relator and that, hence, this defense failed.

The statutes allow the surviving member of a partnership to pay off demands against the firm without requiring the same to be exhibited to the probate court for allowance, only when he knows that the partnership's assets will be sufficient to discharge all its debts. It follows that if Shacklett paid unallowed demands when there was a deficiency of assets to meet demands of all creditors, a breach of his bond was committed for which the defendants are responsible unless they are exonerated by other facts. [State ex rel. v. Smith, 57 Mo. App. 120.] But, in our judgment, the defendants cannot be held liable in this action for the reason that Shacklett had made final settlement as surviving partner and had been discharged before the action was insti-

tuted, and the further reason that the estate of Hays & Shacklett is shown to be still in process of administration and the proof renders it doubtful whether or not the remaining assets will be insufficient to meet relator's demand. The petition itself avers that Shacklett, after wrongly paying unallowed debts to the amount of $13,-000, had $800 left in his hands. The present administrator of the partnership, John O. Boyd, swore that he received from Silas Hunt, his predecessor in the administration, $900 in cash, besides some uncollectible notes. It should be stated that Shacklett's letters as surviving partner were revoked December 15, 1894, he having become a non-resident of Missouri, and Silas Hunt was appointed administrator *de bonis non* in his place. Subsequently Hunt was succeeded as administrator *de bonis non* by Boyd. When Hunt presented his final settlement, exceptions were filed to it, the contention being that considerable assets remained in his hands which he had not accounted for to his successor. These assets are alleged to amount to $1,400 or more. Now, as Boyd received $900 from him in cash, and as he may be compelled to account yet for a considerable sum, it is impossible for us to say that the evidence conclusively shows there will be a deficiency of assets. Possibly there are assets left to pay relator's demand in full. If this is true, even if a technical breach of the defendant's bond occurred, relator was not injured and is entitled to no recovery; at least to no substantial damages. [State ex rel. v. Taylor, 100 Mo. App. 481, 74 S. W. 1032.] As no declarations of law were asked, this branch of the case presents simply a question of fact. The evidence being contradictory, the trial court could have found the issue for the defendants.

When Shacklett's letters were revoked, December 15, 1894, he filed a final settlement and Hunt, who had qualified as administrator *de bonis non* on the same day, filed exceptions to it on June 4, 1895. The exceptions were fourteen in number and averred among other

things, that all the payments for which Shacklett claimed credit were illegal in that he "paid the claims in full, and he should have prorated them and paid them pro rata." These exceptions were certified by the probate court to the circuit court for trial and were by the latter court referred to Lewis Meyers as referee, who took testimony on them during thirty days, and afterwards filed a report in which he found that B. W. Shacklett was indebted to the estate, on final settlement, in the sum of $763.22. The circuit court approved this report of the referee and entered judgment accordingly against Shacklett. Afterwards Hunt, as administrator *de bonis' non,* instituted an action on Shacklett's bond to recover the sum thus adjudged to be due from him on final settlement, obtained judgment for that sum in the circuit court against him and his bondsmen and collected the amount of the judgment.

Some verbal testimony was introduced to prove that the referee, in reporting on the exceptions to the final settlement of Shacklett, did not make any allowance against the latter on account of his having paid claims in full instead of pro rata; but the pleadings in the case show that matter was presented for adjudication and it must be taken as embraced in the judgment on the exceptions, despite the oral proof to the contrary. However, this matter is not important. The controlling facts are that in the contest over Shacklett's final settlement, the administrator *de bonis non,* represented the heirs and creditors of the estate and the final settlement has the effect of a final judgment.

Until impeached in equity, it is a complete defense to this action on Shacklett's bond as administrator. This has been decided in cases not materially different from the present one. [State ex rel. Van Bibber v. Julian, 81 Mo. 618; State ex rel. Crane v. Heinreichs, 82 Mo. 542; RoBards v. Lamb, 89 Mo. 303, 1 S. W. 222;

State ex rel. Pountain v. Gray, 106 Mo. 526, 17 S. W. 500.]

The judgment is affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.