### CHURCHILL et al. v. BUCK.

(Circuit Court of Appeals, Eighth Circuit. April 16, 1900.)

No. 1,295.

1. APPEAL—REVIEW—ACTION TRIED TO COURT.
   On a writ of error to review a judgment at law in a case tried without a jury by stipulation, the correctness of special findings of fact made by the circuit court is not open to inquiry, but the appellate court is required to determine whether such findings are sufficient, under the pleadings, to support the judgment rendered.

2. PARTNERSHIP—DEATH OF PARTNER—RIGHT TO POSSESSION OF FIRM REAL ESTATE.
   On the death of a partner, the right to possession of real estate owned by the firm vests in the survivor, and, on his death before the settlement of the partnership business, in his legal representatives; and until the business of the partnership has been settled up, and its debts paid, an administrator of the partner first deceased cannot maintain an action to recover possession of any portion of such real estate.

3. APPEAL—REVERSAL—DIRECTING JUDGMENT IN LOWER COURT.
   Where the facts found by the trial court cover all the issues, and are inadequate to support the judgment rendered in favor of the plaintiff, a new trial will not be awarded on reversal, but a judgment for defendant will be directed.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

On the 1st of March, 1898, the defendant in error (hereafter called "plaintiff") commenced an action in the United States circuit court for the Western division of the Eastern district of Arkansas against the plaintiffs in error (hereafter called "defendants") for an undivided one-half interest in the lands in controversy, situate in Desha county, Ark., alleging that said Thomas J. Martin died seised of the undivided one-half interest in said land as tenant in common and as partner with A. W. Blakemore, now deceased; that plaintiff was on the 23d of April, 1894, appointed administrator of the estate of said Martin by the probate court of Desha county, Ark.; that he had given bond and qualified as such, and had filed his inventory, showing that no asset of said Martin had come to his hands as such administrator; that large claims had been probated against said estate in Desha county (and he filed with said complaint copies of Martin's will, his letters of administration, his inventory, and the claims probated against his estate); that the defendant holds the land as receiver of said United States circuit court, and claims title by and through the said Thomas J. Martin, deceased, as tenant in common with said A. W. Blakemore, deceased, by virtue of a mortgage executed by Mrs. A. W. Blakemore, the heir at law of said Martin; that said United States circuit court gave the plaintiff permission to sue said receiver for said land; and that said receiver sold the same without right, and plaintiff is entitled to the immediate possession thereof.

On the 22d of June, 1898, the defendants answered and alleged that Thomas J. Martin, the testator, died at his home, in the county of Jefferson and state of Kentucky, on the 1st day of January, 1883; that his will was duly probated in said county and state on the 22d day of January, 1883; that a duly-authenticated copy of said will was admitted to probate and duly recorded at the May term, 1883, of the probate court of Watson division of Desha county, Ark.; that the fourth clause in said will provides that "in the division of my estate my daughter shall have the right, at her option, expressed within two years after my death, to take whatever interest I may own in the state of Arkansas, purchased of the estate of H. D. Newcomb, at the price it cost me"; that the property referred to in that clause of the will is the undivided one-half of the real estate described in the complaint; that by the fifth clause of said will the testator appointed his son, T. J. Martin, Jr., and A. W. Blakemore, the husband of his said daughter, executors, with full power to settle, compromise, and adjust indebtedness; to sell and dispose of property, and to make divisions among devisees, which executors entered upon the discharge of their duty, and continued to do so until the business of the estate was settled, partition made among the devisees, and they were discharged as such by the court of the domicile having jurisdiction in the premises; that the executors of said H. D. Newcomb, then deceased, having on the 1st day of February, 1878, sold, under power conferred in his last will, the entire real estate described in the complaint, to said Thomas J. Martin and A. W. Blakemore, to secure the purchase money thereof, the said Thomas J. Martin and his wife and A. W. Blakemore and his wife on the 8th of February, 1878, reconveyed the same to the said executors of H. D. Newcomb, by way of mortgage or trust to secure a part of the purchase money remaining unpaid, which mortgage was in full force and unpaid at the time of the death of the said T. J. Martin; that, under the provisions of the will of the said Thomas J. Martin, his daughter, Mrs. Annie M. Blakemore, and her husband, A. W. Blakemore, uniting with her for that purpose, elected to take as part of her share in the estate of her father, at the original cost to the estate, all his interest in the said property in Arkansas, bought of H. D. Newcomb's executor, above described, which election was reduced to writing by them, duly acknowledged, and recorded in the Watson division of the Desha county probate court, at its May term, 1883; that the said Annie M. Blakemore afterwards paid to the executors of H. D. Newcomb, deceased, her father's proportionate amount of the unpaid purchase money, and received from said executors, together with her said husband, who had paid his part thereof, a deed conveying to them, respectively, the entire property described above, which deed was duly executed, acknowledged, filed, and duly recorded in the Watson division of Desha county, Ark., on the 26th day of April, 1883; that the said Annie M. Blakemore paid to and settled with the executors of her father's estate the entire amount paid

by him for said interest, being an undivided one-half interest in the property described, whereby she became the owner in fee of the full equal, one undivided half interest in said land, her husband, the said A. W. Blakemore, owning the remaining undivided one-half, whereby she alleges that the right, title, and interest of the said Thomas J. Martin, his heirs, legal representatives, and devisees, were devested out of them, and they, and every of them, were without right to occupy or repossess the same. In the second paragraph of her answer she alleges that under the terms of her said father's will, and of her election and payment of the sum due, and of the conveyance by the executors of the said H. D. Newcomb, deceased, with the consent and concurrence of the executors of her father's will, which conveyance was, as stated, placed of record in the Watson district of Desha county in July, 1883, she became the owner in fee of the said undivided one-half interest of her father in the land sued for; that she remained in possession thereof, holding and claiming the same adversely against all parties, until the 9th day of April, 1890, when she, together with her husband, conveyed the same to David Houghton in trust to secure a loan of $30,000 and interest thereon, which conveyance was duly executed by herself and her husband, and placed of record in the Watson district of Desha county, on the 9th of April, 1890; that the said Colonial & United States Mortgage Company loaned the said sum of $30,000 to the said Annie M. Blakemore and A. W. Blakemore, her husband, on the faith and assurance that they were the owners in fee of said property; that they were in possession thereof, and had been since 1883, holding and claiming the same as their own, no one denying or contesting their right in the premises; that the loan was made in good faith, and the security accepted in good faith, upon the belief and assurance that they were the owners in fee thereof, and had the right to secure the same by said conveyance; that subsequently, the indebtedness becoming due and remaining unpaid, the Colonial & United States Mortgage Company and David Houghton, trustee, brought suit in the United States circuit court for the Western division of the Eastern district of Arkansas to foreclose their mortgage upon said property, at which time and in which suit the said Annie M. Blakemore and the children and heirs of A. W. Blakemore, who had died, and the administrator of his estate, and the plaintiffs herein, were made parties thereto, and required to answer, and in said cause such proceedings were had that in the month of February, 1898, a decree in their favor was pronounced, declaring a lien upon the said property for the indebtedness due as aforesaid, and providing that if not paid on or before the 1st day of April, 1898, Sam Churchill, as special master of said court, should advertise and sell the property at Dumas, Ark., on the 21st day of April, 1898, in satisfaction thereof, which was done, and the property sold by him to the defendant the Colonial & United States Mortgage Company; that said sale was reported and filed on the following day, and the sale confirmed, and said master directed to execute a deed of conveyance to said purchaser, which was done on that day, and the deed submitted, and approved by the court, and a certified copy of its approval attached thereto, whereby the said Colonial & United States Mortgage Company became the owner and entitled to retain possession thereof. The fourth paragraph in said answer is as follows: "The defendant states that the said Annie M. Blakemore and the parties claiming under her have been in peaceful and adverse occupancy and possession of the premises herein sued for for more than seven years next preceding the institution of the suit, claiming the same adversely to the interest of all other parties." The fifth paragraph is as follows: "The defendant states that neither the plaintiff, nor the party or parties under whom he claims, has or have been in possession or control of the property herein sued for at any time within seven years next preceding the institution of this suit." The sixth paragraph is as follows: "The defendants say that the plaintiff is not entitled to the possession of said premises, and has not been, nor has any one under whom he claims been, in possession thereof at any time since the year 1883, and therefore this suit is barred." The third paragraph sets up an estoppel, and the seventh paragraph in the answer, laches, in this: that the said Thomas J. Martin died in the month of January, 1883, and letters of administration were not issued upon his estate until April, 1894. A demurrer was sustained to both these paragraphs, and exceptions noted.

Before the trial was begun, a written stipulation was filed, waiving a jury, and agreeing to submit the case to the court, sitting as a jury. The court found generally the issues for the plaintiff, and set forth the following special findings of fact: "T. J. Martin and A. W. Blakemore were partners, owning several plantations in the state of Arkansas, which they farmed together; owning, also, a large amount of personalty, consisting of mules, horses, and farming implements, and a stock of merchandise, with which they carried on a mercantile business on their principal farm. Both parties were residents of the state of Kentucky. The farm which they owned and cultivated in Arkansas, and in controversy in this action, was situated in the county of Desha, and had been purchased by them from the executors of D. H. New-comb, deceased, a part of the purchase money having been paid by them in cash; but the larger part was to be paid thereafter, and for the payment thereof a lien was reserved in the deed of conveyance. The lands in controversy were the lands thus purchased and held by them in partnership. On January 8, 1883, T. J. Martin died in Kentucky, leaving a will, which was duly probated in the courts of Kentucky, and a copy thereof at a later day filed and recorded in Arkansas, after having been admitted to probate by the probate court of Desha county, Arkansas. The will provided that his daughter, Annie M. Blakemore, who was the wife of his partner, A. W. Blakemore, could take his interests in the Arkansas estate, if she so elects, within two years after his death, and, if she so elects, she should be charged with the amount of their cost to the testator in the settlement of the estate. This devise was subject to the payment of the debts due from Martin & Blakemore on said interests in Arkansas. On April 26. 1883, within four months after her father's death, she elected to take his Arkansas property, and filed a written declaration to that effect, with a copy of the will, which was admitted to probate by the Arkansas court on that day. After the death of Martin, A. W. Blakemore, the surviving partner of the firm of Martin & Blakemore, and who was the husband of Annie M. Blakemore, remained in exclusive possession of all the firm property, including all of the lands in controversy in this action, carried on the farming operations and also the mercantile business, collected the rents and accounts, and out of the assets thus collected paid off the balance due on the purchase of these lands, amounting to over $10,000, continued the same books of the business, plantation as well as mercantile, employed the managers of the plantations and store, executed papers and mortgages at times in the name of the firm by him as survivor, but generally carried on the business in the name of A. W. Blakemore, and paid the taxes on the property in that name, until January, 1894, when for the first time his wife entered into possession of half of the property, and thereafter everything was carried on in the name of A. M. and A. W. Blakemore, and the taxes paid in that manner. In 1883, after the death of T. J. Martin, when A. W. Blakemore, as surviving partner of the firm, out of the assets of the firm paid off the balance of the purchase money due on the lands in controversy, it was discovered that there was a misdescription of the lands in the deed; and thereupon the executors of Newcomb's will made a new deed, describing the lands correctly, and reciting that Martin having died, and his daughter, as his devisee, having elected to take these lands, the new deed was made to A. M. Blakemore and A. W. Blakemore (Mrs. Blakemore being substituted as one of the grantees, in place of her deceased father), which deed was duly recorded in the recorder's office of Desha county, Ark., on July 20, 1883. in which county said lands were located. The court further finds that from the time of the death of T. J. Martin until January, 1894, A. W. Blakemore was in exclusive possession of these lands and all other property of Martin & Blakemore, as surviving partner of the firm of Martin & Blakemore, and that the devisee, Mrs. A. M. Blakemore, did not take possession of this property until January 1, 1894. There was no administration on the estate of T. J. Martin in Arkansas until April 23. 1894, when the plaintiff was duly appointed as such administrator by the probate court of Desha county,—the county wherein these lands are situate,—for the benefit of the Arkansas creditors of T. J. Martin, deceased. He immediately qualified as such, and has ever since been acting as such. On April 5, 1890, A. W. Blakemore and his wife, Annie M., executed a mortgage to the defendant, the Colonial Mortgage

Company, on the entire interest in these lands, to secure a loan for a large sum of money. In November, 1895, they having defaulted in the payment of the interest, that company instituted suit in equity in this court to foreclose the mortgage, and by the order of the court these lands were placed in the hands of the defendant Churchill, as receiver. In April, 1896, the plaintiff in this cause made himself a party to the foreclosure proceedings; setting up his title to the undivided half interest of T. J. Martin, deceased, and praying that the same be turned over to him, and not to be held subject to the mortgage executed by Mrs. Annie M. Blakemore. At the final hearing that petition was dismissed, the decree reciting that the court had no jurisdiction in the foreclosure proceedings to adjudicate his title; but the decree specially provides that his petition was dismissed without prejudice to his bringing any other action, if he so desires. There was a decree of foreclosure and an order of sale. Thereafter, and while the lands were still in possession of the receiver, this court granted to the plaintiff leave to sue the receiver in ejectment for the undivided half in these lands claimed by him; and this suit was instituted by him, within three months after his petition had been dismissed, without prejudice in the equity cause. The decree in the equity cause was entered on the ———— day of February, 1898. A sale was had, and the Colonial Company became the purchaser of the entire plantation at that sale, which sale was confirmed, and a deed executed, with the approval of the court, to the company, who thereupon asked and was made a party defendant to this action. The court also finds that several claims, amounting to several thousand dollars, have been duly allowed and probated by the probate court, in which the administration of the estate of T. J. Martin is pending, in favor of creditors of T. J. Martin who are residents of the state of Arkansas; that the administrator has no personal assets belonging to the estate, and, in order to pay off these debts, it is necessary for him to sell the real estate of the deceased, and he has been directed by the judgment of the probate court of Desha county to take possession of the realty, and institute suit therefor, if necessary. And the court further finds that Mrs. A. M. Blakemore, as whose grantee the defendant claims title, did not take possession of any part of the lands until January 1. 1894, and that her husband until that day held the entire plantation as surviving partner of the firm of Martin & Blakemore, and not as agent for his wife. The court also finds that other plantations have been purchased by Martin & Blakemore during the lifetime of Martin, which they managed in partnership, but these are not involved in this action; they having been sold by a decree of the Desha county chancery court in a proceeding of foreclosure for the unpaid purchase money instituted after Martin's death. And from these facts, and upon the declarations of law made, the court finds the issues in favor of the plaintiff, and renders a verdict for plaintiff, and orders judgment accordingly."

N. W. Norton, G. B. Rose (J. M. Prewett, U. M. Rose, and W. E. Hemingway, on the brief), for plaintiffs in error.

Jacob, Trieber and X. J. Pindall, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ROGERS, District Judge.

ROGERS, District Judge, after stating the case as above, delivered the opinion of the court.

Under the repeated decisions of this court and of the supreme court of the United States, the correctness of the special findings of fact by the circuit court cannot be inquired into by this court. See Searcy Co. v. Thompson, 27 U. S. App. 715, 13 C. C. A. 349, 66 Fed. 92 (Judge Thayer delivering the opinion of the court), where the cases upon this subject are reviewed. There are several assignments of error in this case, but, in the view we take of it, it is unnecessary to notice them. While the truth or correctness of the

special findings of fact by the circuit court are not open to inquiry, it is equally well settled that we may, upon the pleadings and special findings of fact, look to see whether they are adequate to support the judgment rendered in the case. Walker v. Miller, 19 U. S. App. 404, 8 C. C. A. 331, 59 Fed. 869; Tyng v. Grinnell, 92 U. S. 469, 23 L. Ed. 733.

The defendant in error, George E. Buck, sues in his trust capacity, as administrator with the will annexed of the estate of T. J. Martin, deceased. It appears from the special findings of fact that his testator, T. J. Martin, and his son-in-law, A. W. Blakemore, as partners, purchased and held the lands, Martin's undivided half of which is sued for in this case, as partnership property; that on January 8, 1883, Martin died; that Martin's undivided half of the property was inherited by his daughter, Mrs. Annie M. Blakemore, the wife of A. W. Blakemore; that said Blakemore on April 5, 1890, mortgaged said property to the Colonial & United States Mortgage Company, Limited; that the mortgage was foreclosed and the property was bought in by the mortgage company in February, 1898; and that Sam Churchill, receiver, held the same at the institution of this suit as the receiver of the United States court of the Western division of the Eastern district of Arkansas, under the decree of which court the mortgage was foreclosed, and the sale had and approved. It further appears from the findings of fact that A. W. Blakemore, the surviving partner of Martin, took possession of said property upon Martin's death, and held the same in his exclusive possession from that time until January, 1894. The court further finds that on January 1, 1894, Mrs. A. M. Blakemore took possession of the undivided half of said property. But the court does not find that the said A. W. Blakemore surrendered the lands to his wife; nor does it find that the partnership business of the firm of Martin & Blakemore had ever been settled up, and the debts paid; nor does it find that Mrs. Blakemore was entitled to the possession thereof at any time. It may be remarked in this connection that there is no allegation in the complaint that the partnership of Martin & Blakemore was ever settled; and it is affirmatively shown by appropriate allegations in the complaint, which are not denied, and by exhibits thereto, that the probated claims, for the payment of which the administrator of Martin sues to recover this land, are partnership promissory notes executed by the firm of Martin & Blakemore, whereby it affirmatively appears that the partnership of Martin & Blakemore has never been settled.

Counsel for defendant in error, in their brief, admit, and cite authorities to show, that which is a familiar principle, namely, that the surviving partner has the exclusive right of possession, management, and control of the entire property of the partnership for the purpose of winding it up. 2 Bates, Partn. § 715, and numerous authorities there cited; Clay v. Freeman, 118 U. S. 97, 6 Sup. Ct. 964, 30 L. Ed. 104; Marlatt v. Scantland, 19 Ark. 443. Therefore A. W. Blakemore, so long as he lived, had the exclusive right to the possession of the property in controversy for the purpose of settling the affairs of the partnership. So far as the court's special findings of fact are

concerned, it does not appear that A. W. Blakemore is not now alive, and the partnership in process of settlement, with ample assets in his hands for that purpose. In point of fact, it appears from the record, dehors the special findings of fact, that A. W. Blakemore died on the 20th of January, 1895. But the death of Blakemore did not confer the right to the possession of this property to Martin's administrator. On the contrary, upon the death of the surviving partner, Blakemore, the right to the possession of the partnership property devolved upon his personal representatives. In 2 Bates, Partn. § 714, the author states the rule as follows:

"Under the usual working of the jus accrescendi, on the death of the last survivor of joint parties his rights and liabilities at law descend upon his legal representatives. Thus, in enforcing partnership claims, the representative of the last surviving partner is the proper plaintiff to collect outstanding accounts. So, in enforcing claims against the partnership, the representative of the last survivor is the proper party. Where both persons die, and the same person is administrator of both, he cannot be sued in his double capacity, nor could the several administrators of each estate be sued. The administrator of the surviving partner is charged with the duty of completing the settlement, not as owner, but as trustee in possession."

Dayton v. Bartlett, 38 Ohio St. 357.

It not appearing from the special findings of fact that Blakemore, the surviving partner, had surrendered the land in controversy to his wife, Annie M. Blakemore, or that the partnership of Martin & Blakemore had been settled at the institution of this suit, and it affirmatively appearing from the admissions in the pleadings and the exhibits attached thereto that said partnership had not been settled, it is clear that the administrator of Martin is not entitled to the possession of the lands, and therefore the judgment is not supported by the special findings of the court. The conclusion reached on this point renders it unnecessary to consider other assignments of error. Where, as in this case, the facts found cover all the issues, and are inadequate to support the judgment, the case will not be reversed for a new trial, but there must be a general judgment for the defendants. Ft. Scott v. Hickman, 112 U. S. 150, 164, 165, 5 Sup. Ct. 56, 28 L. Ed. 636; Allen v. Bank, 120 U. S. 20, 40, 7 Sup. Ct. 460, 30 L. Ed. 573. Judgment reversed, and case remanded to the circuit court, with directions to enter judgment for the original defendants.