## PRESTON v. CITY OF CHICAGO.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 195. Submitted December 16, 1912.—Decided January 6, 1913.

Whether a state officer is within the classified service and not subject to removal under the Civil Service Act of the State is a matter for the state court to determine, and its ruling is binding upon this court and presents no Federal question. *Taylor* v. *Beckham,* 178 U. S. 548.

Where the judgment of the state court rests upon non-Federal questions sufficient to support it, such as laches and long delay, this court cannot review the judgment upon the ground that a Federal question also exists. *Moran* v. *Horsky,* 178 U. S. 205.

In a proceeding specifically for mandamus to restore petitioner to a state office over which this court has no jurisdiction, it cannot con-

sider any rights which petitioner may have in a fund of which he may be deprived without due process of law, and the judgment dismissing for want of jurisdiction does not conclude his rights in that respect. Writ of error to review 246 Illinois, 26, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the state court by writ of error, are stated in the opinion.

*Mr. John W. Beckwith* and *Mr. W. H. Sexton* for the defendants in error, in support of motion to dismiss or affirm:

If the decision of the state court is upon grounds broad enough to support the judgment independent of any Federal question, there is no Federal issue involved in the case so as to give this court jurisdiction and it will not entertain a writ of error. *Rutland Railroad Co. v. Central Vermont R. R. Co.,* 159 U. S. 630; *Moran v. Horsky,* 178 U. S. 205; *Pittsburgh Iron Co. v. Cleveland Iron Min. Co.,* 178 U. S. 270; *Marrow v. Brinkley,* 129 U. S. 178; *Castillo v. McConnico,* 168 U. S. 674; *Klinger v. Missouri,* 13 Wall. 263; *Capital National Bank v. Cadiz Nat. Bank,* 172 U. S. 425; *Harrison v. Morton,* 171 U. S. 38; *Pierce v. Somerset R. Co.,* 171 U. S. 641; *Wade v. Lawder,* 165 U. S. 624; *Bacon v. Texas,* 163 U. S. 207; *Seneca Nation v. Christy,* 162 U. S. 283; *Gillis v. Stinchfield,* 159 U. S. 658.

Plaintiff in error has no property rights in the emoluments of the position or office of police patrolman, and, therefore, has suffered no deprivation thereof in violation of the Federal constitutional guaranties. *People v. Kipley,* 171 Illinois, 44, 71; *Donahue v. County of Will,* 100 Illinois, 94; *State v. Hawkins,* 44 Oh. St. 98.

Nor is plaintiff in error deprived of his property without due process through being rendered ineligible for a police pension by the city's action, since there is no property right in a pension, which is merely a largess or gratuity.

*Morgan* v. *People*, 216 Illinois, 437, 449; *Walton* v. *Cotton*, 19 How. 355; *Frisbie* v. *United States*, 157 U. S. 160; 26 Am. & Eng. Ency. of Law (2d ed.), 658.

*Mr. Allen B. Chilcoat* and *Mr. Stephen A. Day* for the plaintiff in error, in opposition thereto:

A motion to dismiss will be denied where a claim of Federal right under the Constitution of the United States has been specially set up and denied by the decision of the state court, whether such question appears to have been expressly passed upon or must have been denied by the state court in reaching its conclusion. *Missouri, K. & T. R. Co.* v. *Elliott*, 184 U. S. 30; *Kaukauna Co.* v. *Green Bay Co.*, 142 U. S. 254; *Detroit &c. Ry.* v. *Osborn*, 189 U. S. 383; *Schlemmer* v. *Buffalo, Roch. & P. Ry.*, 205 U. S. 1, 11; *T. H. & Indianapolis R. R. Co.* v. *Indiana*, 194 U. S. 579; *Louisville Gas Co.* v. *Citizens Gas Co.*, 115 U. S. 683, 697; *Chicago Life Ins. Co.* v. *Needles*, 113 U. S. 574, 579; *Bohanan* v. *Nebraska*, 118 U. S. 231; *West Chicago R. R.* v. *Chicago*, 201 U. S. 506, 519.

Memorandum opinion, by direction of the court, by Mr. Chief Justice White.

Upon the assertion that he had been wrongfully dropped "from the pay roll of the policemen of the City of Chicago," plaintiff in error commenced proceedings in *mandamus* in the state court to compel the placing of his name upon the said pay rolls to the end that he might thereafter draw the pay alleged to be due him as a police patrolman "as the other police patrolmen in said city of Chicago are paid." This writ of error is prosecuted to a judgment of the Supreme Court of Illinois (246 Illinois, 26), affirming a judgment sustaining a demurrer to the petition in *mandamus* and denying the writ.

Among other contentions made by the plaintiff in error

OCTOBER TERM, 1912.

and passed upon by the Supreme Court of Illinois was one to the effect that he had become an officer of the classified service and entitled to the protection against removal conferred by an act styled the Civil Service Act and that hence his removal from office without written charges preferred against him and without notice and an opportunity to be heard amounted to a denial of due process of law within the purview of the state constitution and of the Fourteenth Amendment to the Constitution of the United States. But the court below held these claims not maintainable on the ground that upon a proper construction of the state statutes the petitioner was not in the classified service and was subject to removal. This ruling is binding upon us and presents no Federal question. *Taylor* v. *Beckham*, 178 U. S. 548. Even, however, if we were at liberty to disregard the action of the state court and attribute to the plaintiff in error the status claimed by him, as in addition the court below held that the right to the relief prayed was in any event barred by long delay and laches, this would be sufficient to prevent us from reviewing the alleged Federal question. *Moran* v. *Horsky*, 178 U. S. 205, 207.

It is strenuously insisted in argument that the plaintiff in error was entitled to participate in a police pension fund to which he had contributed from his wages for a long period of time, and therefore to remove him was additionally to deprive him of property without due process of law, in violation of the Fourteenth Amendment. But the specific relief prayed was a writ of *mandamus* to restore plaintiff in error to the pay rolls as a policeman. What if any rights in the pension fund referred to were protected by the Constitution of the United States we therefore may not here consider, and that question from a Federal point of view is not concluded by the judgment dismissing the writ of error which we shall enter.

*Writ of error dismissed.*