STATE OF MISSOURI at the Relation of THOMAS J. DOCKERY, Administrator of the Estate of LEWIS HUBBARD, Deceased, Respondent, v. L. F. HUBBARD and EMMA HUBBARD, Appellants.

Kansas City Court of Appeals, April 1, 1918.

1. ADMINISTRATOR: Partnership Estates: Liability of Bondsmen. A and B were partners. A died and B qualified as administrator of the partnership estate. Before this estate was settled B died and C was appointed administrator *de bonis non* of the partnership estate and D was appointed administrator of B's individual estate. D sued the sureties on B's bond for the appraised value of the partnership estate and recovered judgment for the full amount. *Held* that the two estates (individual and partnership) having been placed in different hands the administrator of B's individual estate had no right to maintain such suit.

2. PARTNERSHIP: Settlement of Partnership Estate: Common Law. Upon the death of one of two partners, the right to settle the partnership estate vests in the surviving partner under the common law, and such right is not dependent upon the latter giving bond as required by section 91, Revised Statutes 1909. His failure, however, to give such bond might warrant the administrator of the deceased partner's individual estate, should one be appointed, in taking possession of the partnership assets.

3. ————: ————: ————. If the surviving partner does not qualify under the statute as administrator of the partnership estate, but acts merely under his common-law authority, then upon his death the right and duty of administering upon the partnership estate devolves upon his administrator.

Appeal from Adair Circuit Court.—*Hon. A. Doneghy,* Judge.

REVERSED AND REMANDED.

*C. E. Murrell* and *J. E. Reiger* for appellants.

*Higbee & Mills* for respondent.

TRIMBLE, J.—Prior and up to June ——, 1913, William Hubbard and Lewis Hubbard were partners owning and conducting a drug store. William died intestate, and on June 20, 1913, Lewis, the surviving partner, was appointed administrator of the partner-

ship estate, gave bond, took charge of said estate and filed an inventory and appraisement thereof on July 7, 1913. The appraised value of the partnership estate was $2350.

Shortly thereafter Lewis Hubbard sold a half interest in the drug store to James F. Waddill for $1175 (for which he took notes), said amount being one-half of the appraised value; and thereafter Waddill and Lewis Hubbard continued the business as partners until December 8, 1913, when Lewis died. The sale of said one-half interest by Lewis to Waddill was made privately and no report of the transfer of the store to the new partnership of Waddill and Hubbard was ever made to the probate court.

On January 6, 1914, relator Dockery was appointed Administrator of Lewis Hubbard's individual estate. As such administrator he caused this suit to be brought on the bond given by Lewis Hubbard as Administrator of the partnership estate of Hubbard & Hubbard, defendants being sureties thereon.

A demurrer to the petition on the grounds that it did not state a cause of action, that relator had no capacity to sue and was not the proper party to bring or maintain it, was overruled. Thereupon defendants answered and went to trial before the court without a jury. No declarations of law were asked or given. The court found, for the plaintiff and assessed the damages at $2350 with six per cent interest from December 5, 1915, the date of the institution of suit, aggregating $2615.75, and rendered judgment for the penalty of the bond to be satisfied by the payment of the above amount. Defendants have appealed.

By answering over after the demurrer, defendants waived any defect or informality not amounting to an entire absence of any cause of action whatever. But, of course, the questions of relator's right and capacity to sue, and whether any cause of action whatever was stated were not waived, and remained to be decided.

When William Hubbard died, the right to settle the partnership estate vested in Lewis Hubbard, the surviving partner. Such right was his under the common law and was not dependent upon his giving bond as required by section 91, Revised Statutes 1909. Had he failed to give such bond he might have been deprived of the partnership assets by the administrator of William Hubbard's individual estate had one been appointed. [Goodson, Admx., v. Goodson, Extr., 140 Mo. 206, 215.] Our statutory provisions with reference to the giving of bond by the surviving partner do not change his common-law right nor even effect it, except in the contingency noted. Upon the dissolution of the firm by the death of William Hubbard the legal right to all the partnership assets for the purpose of winding up the firm's affairs, went to Lewis Hubbard as surviving partner. [Hargadine v. Gibbons, 45 Mo. App. 460, 467 and authorities there cited.]

It is clear that even if Lewis Hubbard had not qualified under the statute as administrator of the partnership estate, but had acted merely under his common-law authority, then, upon his death the right and duty of administering upon said partnership estate would have passed to and devolved upon his administrator, the relator herein. [Hargadine v. Gibbons, supra; Dayton v. Bartlett, 38 Ohio St. 357.] "The executor or administrator of a surviving partner, who died with partnership effects in his possession while engaged in settling the partnership business, is entitled to the possession of such effects, and is charged with the duty of completing such settlement; and he cannot be precluded from receiving compensation out of the partnership funds for his services in the performance of this duty." [1 Woerner on Administration, 286.] But defendants offered to prove that on December 12, 1913 (prior to relator's appointment as administrator of Lewis's individual estate), the probate court appointed John Ryan as Administrator *de bonis non* as his successor, and the question arises whether this will affect or

change the right of Lewis's administrator to take charge of said partnership estate or to maintain this suit without any modification or revocation of the order appointing the administrator *de bonis non,* and without any order directing relator to proceed in the partnership estate?

In Byers v. Weeks, 105 Mo. App. 72, l. c., 76, it is said: "It seems that the statute fails to provide for the administration of a partnership estate, except, either by the surviving partner or by the administrator of the surviving partner." In that case, however, there had been no administration on the partnership estate either by the surviving partner or by the administrator of the deceased partner, and the latter had fully administered the individual estate, paid all debts thereof and had been discharged, without administering the partnership assets, having been led not to do so by the fraudulent representation of the surviving partner that the partnership had been fully settled and dissolved during the life of the deceased partner and that he had been paid his full share. It would seem that there were no debts of the partnership estate, and as the individual estate had been fully administered and all debts paid, there was no basis for the reopening of the individual estate by the appointment of an administrator *de bonis non.* In fact if there were no debts of the partnership, as must have been the case, there was no need for any administration on either estate at the time the heirs brought suit. And the remark of the court was made in upholding the right of the heirs to sue in equity to recover their part of the partnership assets under the circumstances, and not as holding that there is no authority in our statutes for the appointment of an administrator *de bonis non* of a partnership estate in a case where the surviving partner has qualified under the statute and then dies, and where circumstances may require the appointment of such a successor. The statute makes no express provision on the subject unless it is to be found in the

language of section 99, Revised Statutes 1909, which provides that: "The administration upon partnership effects, whether by the surviving partner or executor or administrator of the deceased partner, shall in all respects conform to administrations in ordinary cases, except as otherwise herein provided;" etc. There is no provision forbidding the appointment of an administrator *de bonis non* of a partnership estate where the surviving partner dies after qualification and before completing the administration. And section 54, Revised Statutes 1909, governing other administrators provides for the appointment of an administrator *de bonis non* when the administrator dies, resigns, or his letters are revoked. In Pullis v. Pullis, 178 Mo. 683, the Supreme Court held that after the surviving partner had administered upon and settled a partnership estate and had died, then the heirs of a part of the partners could not maintain a direct suit to recover assets of the copartnership but that an administrator *de bonis non* of the partnership estate should be appointed and the estate reopened for the benefit of the creditors and distributees of the partnership estate. Of course, in that case, the right of the administrator of the deceased partner's individual estate to administer the partnership estate was not involved, but it is plain that the court holds that an administrator *de bonis non* of a partnership estate may be appointed when the facts warrant it. The case of State ex rel. v. Shacklett, 115 Mo. App. 715, involved the acts of several successive administrators *de bonis non* of a partnership estate. In Dayton v. Bartlett, 38 Ohio St. 357, 364, it is said that the administrator of a surviving partner, who dies with partnership assets in his possession and while he is engaged in settling the partnership business, has the duty of settling up the business of the partnership as well as that of the individual estate of the once surviving partner *unless* "he is relieved from this trust by agreement of the parties or by a competent court."

It would seem that upon the death of Lewis Hubbard, after having qualified as administrator of the partnership estate, his administrator Dockery would, under ordinary circumstances and in the absence of anything to render it inadvisable, be entitled to take possession of the assets of the partnership estate and administer it as well as that of the individual estate. But, if for any reason the duties of the two positions are inconsistent or if it would be better to have the administration of the two estates in different hands, the probate court, it would seem, could so direct.

Now, in this case, the defendants attempted to show that the probate court had appointed an administrator *de bonis non* of the partnership estate before relator was appointed administrator of the individual estate of the once surviving partner. It nowhere appears that such appointment has been revoked, and so far as known, that appointment still stands. So far as the petition and plaintiff's evidence show, there was no order directing the relator to take charge of the partnership estate or to bring suit on the bond of the surviving partner. The latter seems to have been an act springing solely from relator's own volition. No doubt he could do this, without any such order, if entitled, as individual administrator, to take charge of the partnership estate regardless of the probate court's former order. We mention this to show that there is nothing tending to militate against the apparent situation in the probate court which has seen fit to place the two estates in different hands. Now, with matters in this shape, relator secured judgment for the full appraised value of the partnership estate against the sureties on the once surviving partner's bond, without any showing whatever as to whether said surviving partner paid any debts of the partnership estate, and without any showing upon the question whether or not the individual estate coming into relator's hands as administrator thereof has not been augmented by the conversion of the partnership estate. For instance, what has be-

come of the notes taken for one-half thereof? Are they worthless or solvent notes? Were they paid to Lewis Hubbard in his lifetime, or were they taken by relator as a part of Lewis Hubbard's individual estate? Did Lewis pay off the debts of the partnership? He had a right to do so without having them allowed in the probate court. Under the judgment rendered herein, the sureties on the bond of the partnership administrator are required to pay over the full appraised value of the partnership estate to relator as administrator of Lewis Hubbard's individual estate when, for aught that appears, said individual administrator may already have in his hands a portion at least of the funds derived from the conversion by Lewis. Again, the sureties are compelled to pay said judgment to one upon whose right to sue there appears to be at least some question by reason of the order of the probate court appointing another as administrator *de bonis non* of said partnership estate. This of itself is sufficient to make it more than probable that relator may, by seeking to control the partnership estate, be occupying two incompatible positions, since he may be regarding partnership assets as the individual property of Lewis Hubbard's estate while calling upon the sureties in the partnership estate to make good the entire apparent loss to that estate, and allowing the sureties no credit for any of such property or for any debts that the surviving partner may have paid.

It may be urged that if Lewis Hubbard paid any of the partnership debts or if there is any likelihood of relator occupying two different and conflicting positions as above indicated, such were matters of defense to be shown by defendants. Some of them were attempted to be shown, namely, the appointment of another person to take charge of the partnership estate as administrator *de bonis non,* but the offer was excluded. With respect to the others, they were matters resting largely if not wholly within the knowledge of the relator himself. He knows better than anyone else

whether he has among the assets of the individual estate any property derived from his decedent's conversion of the partnership estate. The case is not like one where the knowledge is equally accessible to both parties. Again, since the probate court by its order has appointed an administrator *de bonis non of* the partnership estate, it would seem that the administrator of the individual estate should, before attempting to act in reference to the partnership estate, procure the revocation of the order appointing the administrator *de bonis non*. Orderly procedure would seem to require this. Certainly the individual administrator ought not to be allowed to recover of the bondsmen of the partnership administrator without first removing all cloud upon his right to sue and also disclosing that he is not subject to the claim of conflicting duties and obligations with reference to the two estates, and liable to decide between them at the expense of the sureties on the bond of the partnership administrator. The case is somewhat peculiar, but owing to the orders of the probate court wherein the two estates seem to have been placed in different hands, and the obvious possibility of there being good reason for the same being done, we do not think that relator has shown a right to maintain the suit or to obtain the judgment he has secured. Certainly defendants have not had a fair trial. In addition to their demurrer to the petition, they demurred to plaintiff's evidence and also saved exceptions to the exclusion of the evidence herein above mentioned.

Wherefore, the judgment is reversed and the cause is remanded. All concur.