MOFFETT et al. v. ROBBINS.
No. 436.

District Court, D. Kansas,
Third Division.

Sept. 4, 1935.

Martin J. O'Donnell and A. E. Watson, both of Kansas City, Mo., for plaintiffs.

Orlin A. Weede, of Kansas City, Mo., and R. O. Robbins, of Sedan, Kan., for defendant.

HOPKINS, District Judge.

This suit is one to enjoin the enforcement of a judgment obtained in an accounting partition suit in the District Court of Harper county, Kan. To plaintiff's bill of complaint the defendant filed various motions, and the issues as now presented for determination arise on defendants' motion to dismiss. This motion has been argued orally, briefed, and duly submitted.

It is my opinion that the matters alleged in plaintiff's "Third Amended and Supplemental Bill in Equity," together with the "amendment," are res judicata, and that the motion to dismiss should be sustained.

It appears that the equity accounting partition suit (No. 7374) in Harper county was originally filed by Thomas S. Moffett, August 15, 1929. Judgments were entered from which appeals twice were taken to the Kansas Supreme Court and there affirmed. Moffett v. Moffett, 131 Kan. 582, 292 P. 947, 77 A.L.R. 294; Clark v. Moffett, 136 Kan. 711, 18 P.(2d) 555, certiorari denied 290 U.S. 602, 54 S.Ct. 227, 78 L.Ed. 528; 290 U.S. 642, 54 S. Ct. 61, 78 L.Ed. 558. It appears that all matters now complained of in the amended bill and amendments thereto were either presented in the suit in the district court of Harper county, Kan., and in the appeals, or could have been presented therein.

An examination of plaintiff's amended bill disclosed that the plaintiff Louise Mc-Grew Moffett, as sole beneficiary of Thomas S. Moffett, deceased, was a party and filed pleadings in the suit (No. 7374) in the district court of Harper county. Therefore, the judgment rendered in such suit was binding upon her in her capacity as executrix of the Thomas S. Moffett estate. See Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 618, 622, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265. Grace Torrance Clark, administratrix with the will annexed and ancillary administratrix in Kansas of the Thomas S. Moffett estate, was also a party to the suit.

The bill states that John Moffett and Thomas S. Moffett for many years prior to the death of John Moffett on August 23, 1927, were partners in the partnership known as Moffett Bros. Thomas S. Moffett, as sole surviving partner in Kansas, administered the affairs of the partnership, and when Thomas S. Moffett died December 22, 1930, the trust as to admin-

istering the partnership affairs fell to his estate. Churchill v. Buck, 102 F. 38, 44 (C.C.A.8); State ex rel. v. Hubbard, 199 Mo.App. 137, 203 S.W. 250; Galbraith v. Tracy, 153 Ill. 54, 38 N.E. 937, 28 L.R.A. 129, 46 Am.St.Rep. 867; Dayton v. Bartlett, 38 Ohio St. 357; Thomson v. Thomson, 1 Bradf.Sur.(N.Y.) 24. The plaintiff Louise McGrew Moffett alleges that Grace Torrance Clark, on behalf of the Moffett Bros. partnership, by order of court, filed a pleading in the suit (No. 7374) in the district court of Harper county; that Grace Torrance Clark signed the petition for writ of certiorari to the United States Supreme Court as "administratrix with the will annexed of the estate of Thomas S. Moffett, deceased, administering the' estate of Moffett Brothers partnership in Kansas," and that Louise McGrew Moffett, plaintiff herein, signed the petition for writ of certiorari as "sole beneficiary of Thomas S. Moffett, deceased." The allegations of the bill otherwise disclose that Grace Torrance Clark represented the Moffett Bros. partnership estate as well as the personal estate of Thomas S. Moffett, deceased, in the suit in the district court of Harper county, and on appeal that plaintiff Louise McGrew Moffett, as sole beneficiary of Thomas S. Moffett, deceased, made many requests in that suit for findings of fact and conclusions of law, and a comparison of these requests with the findings of fact and conclusions of law made by the court, which are set out in the amended bill, in my opinion, precludes any theory of fraud in connection therewith. It appears also that there were findings of fact and conclusions of law made by the court, and stated in the bill of which the plaintiff Louise McGrew Moffett made no complaint upon the trial.

In the accounting partition suit, a decree was entered on January 13, 1932, in favor of R. O. Robbins, administrator with the will annexed of the estate of John Moffett, deceased, for $142,452.24 against Grace Torrance Clark, administratrix with the will annexed of the estate of Thomas S. Moffett, deceased, and administratrix in Kansas of the Moffett Bros. partnership estate and against the Commerce Trust Company, administrator of the Moffett Bros. partnership estate. Complaint is chiefly made herein by plaintiff as to this last-mentioned judgment, and it appears this judgment was the one mainly contested in the state courts. In that same suit a judgment was entered on January 13, ·1932, by the district court of Harper county in favor of the Commerce Trust Company, administrator of the Moffett Bros. partnership estate for $101,228.06 against the Moffett Bros. Cattle, Land & Lumber Company partnership estate, administered by Renwick J. Moffett, sole surviving partner; and judgment was also entered in favor of the Commerce Trust Company, administrator of the Moffett Bros. partnership estate, for $16,469.53 against Grace Torrance Clark, administratrix with the will annexed of the estate of Thomas S. Moffett, deceased, Helen Moffett, widow of John Moffett, and the heirs of John Moffett were parties defendant in the suit complained of.

All parties personally submitted to the jurisdiction of the state court and filed general pleadings in the suit. In the instant case the sole parties are the plaintiff Louise McGrew Moffett, individually and as executrix of the estate of Thomas S. Moffett, deceased, and defendant R. O. Robbins, administrator with the will annexed of the estate of John Moffett, deceased.

This third amended bill now under consideration shows that following the rendering of the decrees complained of, January 13, 1932, only one change was thereafter made by the court, which was in term time and related to conclusion of law No. 11, which has to do with the above-mentioned decree in favor of Moffett Bros. and against the Moffett Bros. Cattle, Land & Lumber Company. This change consisted in a substitution of the domiciliary administrator for the ancillary administrator of the Moffett Bros. partnership estate in the matter of taking judgment against the Moffett Bros. Cattle, Land & Lumber Company. The bill discloses this change was made following a hearing before the court and after notice had been duly· given.

■■■ Decisions of state courts of competent jurisdiction are binding and conclusive on all other courts of concurrent power and are not reviewable by federal district courts of concurrent and equal competent jurisdiction. The federal district courts have no appellate jurisdiction over the decisions of state courts. Such decisions of state courts ordinarily cannot be collaterally attacked, except for fraud. Fraud which entitles a party to impeach the judgment of another court of competent jurisdiction, where jurisdiction has been acquired over the parties, as in the suit

complained of, must be extrinsic to the matter tried in the other suit and not there in issue. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. And fraud cannot be alleged by general allegations, but the facts must be stated. See Simpkins Federal Practice (Rev.Ed.1934) par. 533, p. 507. The rule is well established that when a party has a defense which he could have interposed and was not prevented from doing so by accident, fraud, or mistake, he cannot reserve that defense to some other time or forum and thus develop a multiplicity of suits and prolong litigation. Luikart v. Farmers' Lumber Co., 38 F.(2d) 588 (C.C.A.10); Smith v. Apple, 6 F.(2d) 559 (C.C.A.8); United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

An allegation in a bill that a judgment is not supported by evidence is a mere conclusion. That a judgment is based upon evidence supporting it must be conclusively presumed in suit to enjoin enforcement thereof. Harrington v. Denny et al. (D.C.) 3 F.Supp. 584.

Complaint is made of an order of Judge Pollock remanding the cause complained of to the district court of Harper county, Kan. The remanding order was final and cannot be brought here indirectly for review. City of Waco, Tex., v. United States F. & G. Co., 67 F.(2d) 785, 786 (C.C.A.5). In suit complained of, Clark v. Moffett, 136 Kan. 711, 721, 722, 18 P.(2d) 555, the question of removal and remanding was properly passed upon in the state court.

In my opinion the bill of complaint does not contain the indispensable elements of a good cause of action. National Surety Co. v. State Bank, 120 F. 593, 61 L.R.A. 394 (C.C.A.8); Knox County v. Harshman, 133 U.S. 152, 10 S.Ct. 257, 33 L.Ed. 586; Beals v. Illinois, etc., R. Co., 133 U.S. 290, 295, 10 S.Ct. 314, 33 L.Ed. 608; Walker v. Robbins, 55 U.S.(14 How.) 584, 586, 14 L.Ed. 552. Even if the decision of the state court were erroneous and this court might have reached a different conclusion from the evidence, there would be no violation of any federal constitutional right. Owens v. Battenfield, 33 F.(2d) 753 (C.C.A.8).

Nor does the application of state statutes of limitation present a federal question. Preston v. Chicago, 226 U.S. 447, 33 S.Ct. 177, 57 L.Ed. 293; Wood v. Chesborough, 228 U.S. 672, 33 S.Ct. 706, 57 L.Ed. 1018; Gaar, Scott & Co. v. Shannon, 223 U.S. 468, 32 S.Ct. 236, 56 L.Ed. 510; Moran v. Horsky, 178 U.S. 205, 20 S.Ct. 856, 44 L.Ed. 1038. Limitation statutes of another state involve nothing more than a question of local pleading and practice. Texas & N. O. R. Co. v. Miller, 221 U.S. 408, 31 S.Ct. 534, 55 L.Ed. 789.

I am of the opinion the plaintiff has had her day in court and issues as presented in her bill are now res judicata. Coleman v. Apple, 298 F. 718, 720, 721 (C.C.A.8); United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93.

The motion to dismiss is allowed.