CLARENCE BRIGGS v. THOMAS VOSS, *as Marshal, etc., et al.*

No. 14,551.     (85 Pac. 571.)

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS—*De Facto Judge Pro Tem.—Validity of Acts.* One who claims to act as judge *pro tem.* of a city court by virtue of an appointment filed in a public office, and is recognized by the clerk and marshal of the court, and by litigants, attorneys, and others, as judge *pro tem.*, is a *de facto* officer, and his acts, and judgments rendered by him while so acting, cannot be attacked in a collateral proceeding.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 7, 1906. Affirmed.

*I. P. Campbell & Son,* for plaintiff in error.

*Blake & Ayres,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff in error brought this suit to enjoin an execution issued upon a judgment recovered in the city court of Wichita. From a judgment of the

district court dissolving the temporary injunction he brings the case here for review.

The execution sought to be enjoined was issued upon a judgment against Briggs in an action of forcible entry and detainer, rendered by James A. Conly as judge *pro tem.* of the city court of Wichita, and it is claimed that he was neither a judge *de jure* nor *de facto,* and that the judgment for that reason was void. George H. Alexander was the regular judge, and Conly claimed to be acting by virtue of an appointment made by him. The statute creating the city court of Wichita (Laws 1899, ch. 130) provides:

"SEC. 13. In case of the absence, sickness or disability of the judge of said court, such judge may appoint a judge *pro tem.* of said court, who shall hold court for him and hear and determine any matter pending therein to the same extent that such absent or disabled judge might do if personally present, and such judge *pro tem.* shall fill such position until the judge of said court can be personally present."

On account of failing health Judge Alexander left the city of Wichita December 7, 1904, and went to Arizona. February 23, 1905, he returned, but was never able after that to resume his official duties, and remained at his home until his death. On December 6, the day previous to his departure for Arizona, Judge Alexander appointed A. S. Houck as judge *pro tem.,* under the provisions of section 13, *supra,* and, at the suggestion of Mr. Houck that occasions might arise when Mr. Houck would be absent or disqualified from acting, Judge Alexander signed thirty blank appointments, leaving the name of the judge *pro tem.* to be written in as occasion might require, and handed them to Mr. Houck. For a time Judge Houck acted as judge *pro tem.,* and when he was unable to act he handed one of these blank appointments to James A. Conly, who filled in his name, took the oath of office, and acted as judge *pro tem.* On March 6, 1905, after the return of Judge Alexander, Houck handed one of these blank appointments to Conly, and the latter wrote his name

in the blank space and qualified by taking the oath of office before the clerk of the district court, as provided by section 15 of chapter 130, Laws of 1899. His oath of office as such judge was on file with the clerk of the district court, and he continued to discharge the duties of the office under this appointment from March 6 until after the trial of the forcible-entry-and-detainer action, which occurred March 16, 1905. He was recognized as judge *pro tem.* of the court by the officers of the city court, the clerk and marshal, and by litigants and attorneys. The parties in the forcible-entry-and-detainer case appeared before him, the case was tried, judgment rendered, and an appeal taken by plaintiff in error to the district court. The appeal was afterward dismissed and this action brought to enjoin the execution.

The one question here is whether James A. Conly was a *de facto* judge *pro tem.* at the time the judgment was rendered. He was exercising the duties of the office, claiming the right and authority to do so by an appointment regular on its face. So far as the public knew, this appointment was in all respects regular. There was the situation contemplated by the statute: the regular judge was sick and disabled from acting; he was present in the city with authority to appoint; and there was on file in the office of the clerk of the court what purported to be his written appointment of Conly, with the latter's oath of office. The officers of the court recognized Conly as judge *pro tem.*, and issued and served process in his name; the litigants and attorneys recognized him as such judge *pro tem.* These facts bring the case squarely within the rule laid down by this court in numerous cases.

Chief Justice Butler's definition of a *de facto* officer in *State v. Carroll*, 38 Conn. 449, 9 Am. Rep. 409, is followed in *Railway Co. v. Preston*, 63 Kan. 819, 823, 66 Pac. 1050. The third subdivision of this well-recognized definition applies to this case, where the duties of the office have been exercised, "under color of a

known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power, or defect being unknown to the public." (Page 472. See, also, *Ritchie v. Mulvane,* 39 Kan. 241, 17 Pac. 830.)

While this is a direct attack upon the judgment, it is a collateral attack upon the acts of the officer. It was said in *The State v. Williams,* 61 Kan. 739, 741, 60 Pac. 1050:

"The acts of a *de facto* judge cannot be collaterally attacked, and his right to the office is not open to question except in a direct proceeding brought by the state; and this is true in a case where the officer is incapable of holding office."

The principles which control these decisions are firmly established; they may be said to lie close to the foundations of law and order and the stability of government. It is clear that James A. Conly was the *de facto* judge *pro tem.* of the city court when the judgment was rendered, and it follows that his acts as such judge cannot be attacked in this collateral proceeding, and that the temporary injunction was properly dissolved. The judgment is affirmed.

All the Justices concurring.