DIANA HASKIN KEYS, *Appellee*, v. GEORGE W. KEYS, *Appellant*.

No. 16,637.

SYLLABUS BY THE COURT.

1. OFFICE AND OFFICERS—*Judge Pro Tem. Continuing to Act after Death of District Judge—Orders Not Void.* A district judge was unable on account of sickness to attend in a county of his district at a time fixed by statute for the opening of a term of court therein, and the members of the bar elected one of their number to act as judge *pro tem.* The sick judge died during the term, and the judge *pro tem.* continued thereafter to discharge the duties of judge, with the acquiescence of all the members of the bar, the court officers and litigants, for the entire term, and even decided a motion for a new trial which was continued by agreement of counsel to a time subse-quent to the appointment and qualification of the judge ap-pointed to fill the vacancy, the new judge having been notified thereof and failing to attend. *Held,* that the judge *pro tem.* was a *de facto* judge, acting under color of authority; that none of his judgments or orders as such is void, or subject to collateral attack.

2. PRACTICE, SUPREME COURT—*Construction of Petition—Suffi-ciency of Evidence—Objections First Made on Review.* When the sufficiency of a petition, and of the evidence in support of a judgment for the plaintiff thereunder, are attacked for the

first time in this court, the petition will be liberally construed, and slight evidence will be held sufficient for the purpose of sustaining the judgment.

Appeal from Johnson district court. Opinion filed July 9, 1910. Affirmed.

*I. O. Pickering*, and *L. C. Boyle*, for the appellant.

*John T. Little, J. B. Stacy*, and *C. B. Little*, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee brought this action against the appellant in the district court of Johnson county for a divorce, on the grounds of extreme cruelty and gross neglect of duty. As provided by statute, the May term of the district court of Johnson county, in the year 1909, opened May 3. Judge Sheldon, who was the qualified and acting judge of the district embracing this county, was sick and unable to attend, and the members of the bar elected às judge *pro tem.* Hon. S. T. Seaton, who qualified and proceeded to discharge the duties of judge of the court during the entire term.

On May 22 Judge Sheldon died. Judge Seaton continued to act as judge *pro tem.* in this and other cases, and on the 24th day of May this case was called for trial, and was heard, and at the close of the hearing was taken under advisement until June 3, 1909, when it was decided in favor of the plaintiff. The plaintiff was awarded a divorce, and granted as alimony a tract of 41.53 acres of land, which was all the land owned by the defendant, who had little, if any, other property. On this tract of land there was, at the time of the marriage, a mortgage of $1500, which the plaintiff's father subsequently paid off.

On June 5, 1909, a motion for a new trial was filed. On the same day, the governor of the state appointed Hon. J. O. Rankin district judge to fill the vacancy

caused by the death of Judge Sheldon, and Judge Rankin duly qualified on June 7. Neither in the trial nor in the motion for a new trial was there any objection made to Judge Seaton's acting as judge in the case, or to his right or authority so to do. On July 16, however, a notice was served upon the plaintiff's attorneys by the defendant's attorneys that the motion for a new trial would be presented on the 17th before Judge Rankin. It is stated in the briefs, however, that Judge Rankin did not appear at the courthouse in Johnson county on the 17th day of July, and Judge Seaton retained jurisdiction and denied the motion for a new trial.

On July 22 the defendant filed a motion to set aside the order of Judge Seaton denying the motion for a new trial and asking the reinstatement of the motion, and the court—Judge Rankin presiding—denied the motion.

Numerous objections are made to the legality of the judgment and decree in this case, and the proceedings upon the trial. There are only two questions, however, that we consider entitled to discussion: (1) Whether the judgment and decree rendered by Judge Seaton is valid as the act of a judge *de jure* or *de facto,* or void as being an assumption of power without color of title to the office; (2) whether the petition and evidence are sufficient to sustain a decree of divorce on the grounds charged—extreme cruelty and gross neglect of duty.

It will be observed that the defendant agreed, or at least acquiesced by making no objection thereto, in Judge Seaton's acting as judge in the case, until after the motion for a new trial was filed. It is evident that Judge Seaton could not sit as judge to try the question whether or not he was the judge; and as a general rule a litigant in court, in which there is a judge assuming to preside under color of right so to do, can not raise the question as to the right of the judge so to act. To countenance such a proceeding would lead to endless

confusion. The proper course to determine the right of
one assuming under color of authority to be judge to,
act as such is an action in quo warranto by the county
attorney or the attorney-general in the name of the
state. One adversely claiming the office may bring the:
action in his own name. (Civ. Code, § 654, Gen. Stat.
1901, § 5150, Code 1909, § 681.)

It has been said that a judge *pro tem.* is but a substi-
tute judge, and that as Judge Sheldon died before the
trial of this action the office was vacant, and as there
was no judge of the district living there could be no,
substitute. Judge Sheldon, however, was living and
was unable by reason of sickness to attend the district
court of Johnson county at the opening of the May
term, and the members of the bar elected Judge Seaton,
in conformity to the provisions of the statute. That.
he was the *de jure*, as well as the *de facto*, judge of the
court from the time of his election until the death of
Judge Sheldon is not and can not be questioned. He
derived his title to act as judge by an election by the
members of the bar, held in accordance with the laws,
of the state. His tenure of office would certainly have
expired, had Judge Sheldon recovered, upon the appear-
ance of Judge Sheldon in court prepared to reassume
his duties. It probably did expire upon the death of
Judge Sheldon, but he continued to act as judge, and
was recognized by the officers of the court, the members:
of the bar, and all connected with the court, up to and
including his decision of this case and the motion for
a new trial therein. He was the *de facto* judge as to all
business during that time in that court. He acted in
good faith and under the color of authority, and none
of his acts as such is invalid by reason of technical
want of authority.

The decree of divorce is based upon the charge of
gross neglect of duty, and it is urged that neither the
petition nor the evidence is sufficient to sustain the
decree. No objection was taken to the sufficiency of

the petition before answer, and no demurrer was filed to the evidence after it was introduced. Under these circumstances, we think both the petition and the evidence are sufficient to sustain the decree. The defendant's failure to furnish the means to support the plaintiff and her child, when he was able so to do, is the principal charge of gross neglect of duty; but there are also allegations of indignities offered, calling her bad names, and fighting with her, and these allegations are somewhat weakly supported by the evidence.

It is further contended that the allowance of alimony is unreasonable, but it is shown by the evidence that, in addition to the 1500-dollar mortgage which the plaintiff's father paid, the plaintiff had furnished her husband $750 in cash. It also appears that the defendant is an able-bodied man, and that the plaintiff's health is not good, and that she has the support of their child. Everything considered, we can not say that the decree is inequitable.

The judgment is affirmed.